■ Bernard Schrager et al., as Administrators of the Estate of Geni Schrager, Deceased, Respondents, v R. H. Macy & Co., Inc., Appellant.—Order, Supreme Court, New York County (Bruce Wright, J.), entered on or about September 19, 1988, which denied defendant's motion to modify a court order (entered Aug. 28, 1985, directing defendant, *inter alia,* to subpoena nine former employees) and further directed the striking of the defendant's answer and an assessment of damages, unanimously reversed, on the law and the facts, the defendant's motion for modification granted to the extent of striking any further requirement to subpoena or produce former employees for examination before trial and plaintiffs' motion to strike the defendant's answer denied, without costs. Defendant shall be precluded from offering at trial the testimony of any former employee not heretofore produced for an examination before trial.

This case grows out of an incident in Macy's Herald Square store in New York County on or about December 30, 1979. Plaintiff's decedent claimed that she was assaulted and unlawfully detained by Macy personnel. Macy denied the charge. After an extended history of nonproduction of witnesses and documents, the defendant was ordered to subpoena for examination before trial nine former employees who might have some knowledge of the incident. The record reveals that some

efforts were made. Four former employees were produced and gave evidence.

While the motion court found the efforts inadequate, we deem it the better course to have a trial on the merits and to preclude the defendant from producing at trial anyone not already produced for an examination before trial. Concur— Kupferman, J. P., Asch, Kassal, Rosenberger and Smith, JJ.