■ RONALD VANCOTT, Respondent, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Appellant. [705 NYS2d 640] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Gowan, J.), dated April 1, 1999, which, in effect, granted the plaintiff's motion to strike the defendant's answer and (2) an order of the same court dated September 10, 1999, which denied the defendant's motion, in effect, for reargument.

Ordered that the order dated April, 1, 1999, is reversed, and the plaintiff's motion to strike the defendant's answer is denied; and it is further,

Ordered that the appeal from the order dated September 10, 1999, is dismissed as academic in light of our determination of the appeal from the order dated April 1, 1999; and it is further;

Ordered that the defendant is awarded one bill of costs.

We agree with the defendant that it was an improvident exercise of discretion for the Supreme Court to strike its answer. In order to invoke the drastic remedy of preclusion which effectively results in the striking of a pleading, the court must determine that the party's failure to comply with a disclosure order was the result of willful, deliberate, and contumacious conduct or its equivalent (see, CPLR 3126; Harris v City of New York, 211 AD2d 663, 664; Vatel v City of New York, 208 AD2d 524). Here, the record does not support a finding that the defendant willfully and deliberately failed to comply with outstanding discovery requests. Rather, the record shows that the defendant complied with numerous discovery demands made by the plaintiff. There has been no showing that the defendant was "guilty of a deliberately evasive, misleading and uncooperative course of conduct or a determined strategy of delay that would be deserving of the most vehement condemnation" (Forman v Jamesway Corp., 175 AD2d 514, 515-516; accord, Sawh v Bridges, 120 AD2d 74, 79).

The defendant's further contention that the Supreme Court erred in characterizing its motion for renewal and/or reargument as one for reargument only is academic in light of our determination. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.