■ BRIDGETT CIANCIOLO et al., Respondents, v TRISM SPECIALIZED CARRIERS et al., Appellants, et al., Defendants. [711 NYS2d 441] —In an action to recover damages for wrongful death and personal injuries, etc., the defendants Trism Specialized Carriers, Tri-State Motor Transit Co., and Charles Edward Alexander appeal from an order of the Supreme Court, Suffolk County

(Dunn, J.), dated January 14, 1999, which granted the plaintiffs' motion to strike their answer to the extent of precluding them from offering any testimony at the trial unless the defendant Charles Edward Alexander appeared for a deposition within a specified time.

Ordered that the order is modified by deleting the provision thereof granting the plaintiffs' motion to the extent of precluding the appellants from offering any testimony at the trial unless Charles Edward Alexander appears for a deposition and substituting therefor a provision granting the plaintiffs' motion to the extent of precluding the appellants from offering the testimony of Charles Edward Alexander at the trial unless he appears for a deposition at a time and place mutually agreeable to the parties, but in no event less than 30 days before the trial; as so modified, the order is affirmed, without costs or disbursements.

We agree with the appellants that it was an improvident exercise of discretion for the Supreme Court to preclude them from offering any testimony at trial (*see, Scardino v Town of Babylon,* 248 AD2d 371, 372). To invoke the drastic remedy of preclusion, which effectively results in the striking of a pleading, the court must determine that the party's failure to comply with a disclosure order was the result of willful, deliberate, and contumacious conduct or its equivalent (*see,* CPLR 3126; *Vancott v Great Atl. & Pac. Tea Co.,* 271 AD2d 438). The record does not support a finding that the appellants willfully and deliberately failed to produce the appellant Charles Edward Alexander for a deposition. Rather, the record shows that counsel for the appellants lost contact with Alexander, and that attempts by counsel and a private investigator to locate him were unsuccessful. There was no showing that the appellants were "guilty of a deliberately evasive, misleading and uncooperative course of conduct or a determined strategy of delay that would be deserving of the most vehement condemnation" (*Forman v Jamesway Corp.,* 175 AD2d 514, 515-516; *Vancott v Great Atl. & Pac. Tea Co., supra*).

The appropriate remedy in the event that the appellant Charles Edward Alexander cannot be located and deposed before the trial is to preclude his testimony at trial (*see, Schrager v Macy & Co.,* 149 AD2d 331; *Heyward v Benyarko,* 82 AD2d 751). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.