■ MARK SOLOMON et al., Respondents, v HORIE KARATE DOJO et al., Appellants. [724 NYS2d 648] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Westchester County (Barone, J.), entered May 25, 1999, as granted that branch of the plaintiffs' motion which was, in effect, for leave to effectuate expedient service upon the defendant Santiago Tigre pursuant to CPLR 308 (5), and (2) an order of the same court, entered August 18, 1999, as, upon reargument, adhered to the original determination.

Ordered that the appeals by the defendants Horie Karate Dojo and Minoru Horie are dismissed, as they are not aggrieved by the portions of the orders appealed from (*see,* CPLR 5511); and it is further,

Ordered that the appeal by the defendant Santiago Tigre from the order entered May 25, 1999, is dismissed, as that order was superseded by the order entered August 18, 1999, made upon reargument; and it is further,

Ordered that the order entered August 18, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the defendants.

The Supreme Court providently exercised its discretion by granting that branch of the plaintiffs' motion which was, in effect, for leave to effectuate expedient service upon the defendant Santiago Tigre pursuant to CPLR 308 (5). In support of their application for such relief, the plaintiffs demonstrated that Tigre left the country when his visa expired and returned to South America, without leaving a forwarding address. Under these circumstances, the Supreme Court properly determined that service upon Tigre was impracticable under the other relevant subsections of CPLR 308, and that expedient service was appropriate (*see, Astrologo v Serra,* 240 AD2d 606; *Esposito v Ruggerio,* 193 AD2d 713; *Saulo v Noumi,* 119 AD2d 657; *see*

*also, Dobkin v Chapman,* 21 NY2d 490). The manner in which expedient service was directed to be made was reasonably calculated to apprise Tigre of the action brought against him (*see, Dobkin v Chapman, supra*). Ritter, J. P., McGinity, H. Miller and Townes, JJ., concur.