■ MARK SOLOMON et al., Respondents, v HORIE KARATE DOJO et al., Appellants. [724 NYS2d 649] —In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered January 7, 2000, as conditionally granted that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the answer of the defendant Santiago Tigre unless he appeared for a deposition at least 30 days before trial.

Ordered that the appeals by the defendants Horie Karate Dojo and Minoru Horie are dismissed, as they are not aggrieved by the portion of the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Santiago Tigre, on the law, and that branch of the plaintiffs' motion which was to strike the answer of the defendant Santiago Tigre is denied; and it is further,

Ordered that the defendant Santiago Tigre is awarded one bill of costs payable by the plaintiffs.

The plaintiff Mark Solomon allegedly was injured during a karate class when he was struck in the hand by the defendant Santiago Tigre, an instructor at the defendant Horie Karate Dojo (hereinafter Horie Karate). Horie Karate was owned and operated by the defendant Minoru Horie. The plaintiffs alleged, *inter alia,* that the defendants Horie Karate and Minoru Horie negligently trained and supervised Tigre. After issue was joined, the plaintiffs moved, among other relief, to strike Tigre's answer. The Supreme Court conditionally granted that branch of the motion which was to strike Tigre's answer unless he appeared for a deposition at least 30 days before trial. We reverse.

To invoke the drastic remedy of striking an answer, it must be shown that the defendant's failure to comply with a disclosure order was the result of willful, deliberate, and contumacious conduct or its equivalent (*see,* CPLR 3126; *Cianciolo v Trism Specialized Carriers,* 274 AD2d 369; *Vancott v Great Atl. & Pac. Tea Co.,* 271 AD2d 438; *Harris v City of New York,* 211 AD2d 663). This was not shown here. Rather, there was evidence that Tigre left the country before the commence-

ment of this action and returned to South America (*see, Solomon v Horie Karate Dojo*, 283 AD2d 479 [decided herewith]). If Tigre is not deposed before trial, the appropriate remedy would be to preclude his testimony at trial (*see, Cianciolo v Trism Specialized Carriers, supra*). Ritter, J. P., McGinity, H. Miller and Townes, JJ., concur.