■ JACK VITERITTI, Respondent, v HOWARD GELFAND, Defendant, and LONG EYELAND INDUSTRIES, INC., Appellant. [735 NYS2d 801] —In an action to recover damages for personal injuries, the defendant Long Eyeland Industries, Inc., appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated March 13, 2001, which conditionally granted the plaintiff's motion pursuant to CPLR 3126 to strike its answer unless its representative appeared for a deposition within a specified time.

Ordered that the order is modified by deleting the provision thereof striking the defendant's answer unless the appellant's representative appeared for a deposition and substituting therefor a provision precluding the appellant from offering testimony at trial unless its representative appears for a deposition at a time and place mutually agreeable to the parties, but in no event less than 30 days before trial, and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements.

To invoke the drastic remedy of striking an answer, it must be shown that a defendant's failure to comply with a disclosure order was the result of willful, deliberate, and contumacious conduct (*see,* CPLR 3126; *Solomon v Horie Karate Dojo,* 283 AD2d 480; *Vancott v Great Atl. & Pac. Tea Co.,* 271 AD2d 438). No such showing was made here. Accordingly, the appropriate remedy if the representative of the defendant Long Eyeland Industries, Inc., is not located and deposed before trial is to preclude the defendant's testimony at trial (*see, Cianciolo v Trism Specialized Carriers,* 274 AD2d 369; *Solomon v Horie Karate Dojo, supra*). Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur. [As amended by unpublished order entered Jan. 8, 2002.]