■ TYRONE WILLIAMS, Respondent, v RYDER TRS, INC., et al., Appellants. [816 NYS2d 126]—In an action, inter alia, to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Silverman, J.), dated July 6, 2005, as granted that branch of the plaintiffs' motion which was to strike their answer based on the failure of the defendant Columbus Williams to appear for an examination before trial.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to strike the defendants' answer and substituting therefor a provision denying that branch of the motion and precluding the defendant Columbus Williams from offering any testimony at trial unless he appears for a deposition at a time and place mutually agreeable to the parties, but in no event less than 30 days before trial; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the answer is reinstated.

To invoke the drastic remedy of striking an answer, it must be shown that a defendant's failure to comply with disclosure was the result of willful, contumacious and deliberate conduct (*see* CPLR 3126; *Cianciolo v Trism Specialized Carriers,* 274 AD2d 369, 370 [2000]; *Vancott v Great Atl. & Pac. Tea Co.,* 271 AD2d 438 [2000]). In our opinion, the plaintiffs did not make this showing.

Accordingly, the appropriate remedy was to preclude the defendant Columbus Williams from offering any testimony at trial unless he is deposed before the trial (*see Viteritti v Gelfand,* 289 AD2d 566 [2001]; *Solomon v Horie Karate Dojo,* 283 AD2d 480 [2001]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.