■ IVAN CARBAJAL, Respondent, v BOBO ROBO, INC., Doing Business as REGENTS, et al., Appellants, et al., Defendants. [833 NYS2d 150]—

In an action to recover damages for personal injuries, the defendants Bobo Robo, Inc., doing business as Regents, Edward Hardy, Pat Illig, and Michael Ferreri appeal (1) from so much of an order of the Supreme Court, Kings County (Silverman, J.), dated September 12, 2005, as granted that branch of the plaintiff's motion which was to strike the answer of the defendant Edward Hardy, and (2) from an undated order of the same court which denied their motion for leave to renew and reargue.

Ordered that the appeals by the defendants Bobo Robo, Inc., doing business as Regents, Pat Illig, and Michael Ferreri from

the order dated September 12, 2005, are dismissed, as they are not aggrieved by that order; and it is further,

Ordered that the appeal from so much of the undated order as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 12, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that the undated order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff allegedly suffered serious injuries in 1998 when he fell over the ledge of a terrace at a bar owned by the defendant Bobo Robo, Inc., doing business as Regents (hereinafter Regents), after being chased and threatened by patrons, while Regents employees, including the defendant Edward Hardy, refused to help. Approximately three years later, the plaintiff commenced this action and an answer was interposed on behalf of Regents, Hardy, and two other former employees of Regents by defense counsel appointed by Regents' insurance carrier. After Hardy failed to appear for a deposition after three court orders, including a "so-ordered" stipulation dated September 26, 2002, the Supreme Court granted the plaintiff's motion to strike Hardy's answer and thereafter denied the defendants' motion, inter alia, for leave to renew.

"The nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court" (*Reyes v Vanderbilt*, 303 AD2d 391 [2003], citing *Patterson v New York City Health & Hosps. Corp. [Queens Hosp. Ctr.]*, 284 AD2d 516 [2001]). Before invoking the drastic remedy of striking a pleading, however, the "court must determine that the party's failure to comply with a disclosure order was the result of willful, deliberate, and contumacious conduct or its equivalent" (*Reyes v Vanderbilt, supra* at 392; *see* CPLR 3126; *Viteritti v Gelfand*, 289 AD2d 566, 567 [2001]; *Solomon v Horie Karate Dojo*, 283 AD2d 480, 480-481 [2001]; *Cianciolo v Trism Specialized Carriers*, 274 AD2d 369, 370 [2000]).

Here, the Supreme Court providently exercised its discretion in striking Hardy's answer based upon his failure to appear for court-ordered depositions on three occasions. The willful and contumacious character of Hardy's failure to appear can be inferred from his repeated failure to comply with the court orders directing his appearance, all of which were entered upon

his counsel's consent, and the lack of an adequate excuse for his failure to appear (*see Xina v City of New York*, 13 AD3d 440, 441 [2004]; *Kroll v Parkway Plaza Joint Venture*, 10 AD3d 633 [2004]; *Beneficial Mtge. Corp. v Lawrence*, 5 AD3d 339, 340 [2004]; *Patterson v Greater N.Y. Corp. of Seventh Day Adventists*, 284 AD2d 382, 383 [2001]).

Further, leave to renew is appropriate only when it is based on facts not known to the moving party at the time of the original motion (*see Johnson v Marquez*, 2 AD3d 786, 788-789 [2003]; CPLR 2221 [e] [2], [3]). Here, the Supreme Court providently exercised its discretion in denying that branch of the motion which was for leave to renew since his counsel failed to demonstrate diligent efforts to locate Hardy. In fact, it is clear that the search for Hardy did not even begin until after the third date on which the court had ordered his deposition to be held. Spolzino, J.P., Ritter, Covello and Balkin, JJ., concur.