■ MRUNALANI PATEL et al., Respondents, v MARTIN DELEON et al., Appellants. [840 NYS2d 632]—

In an action to recover damages for personal injuries, etc., the defendants Martin DeLeon and David Estrada-Abarca appeal from an order of the Supreme Court, Suffolk County (Weber, J.), dated July 17, 2006, which granted the plaintiffs' motion pursuant to CPLR 3126 for the imposition of a sanction upon the defendant Martin DeLeon for his failure to comply with a disclosure order to the extent of conditionally striking his answer unless he appeared for a deposition on or before a date to be set by the plaintiffs.

Ordered that the appeal by the defendant David Estrada-Abarca is dismissed, as that defendant is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof conditionally striking the answer of the defendant Martin DeLeon unless he appeared for a deposition on or before a date to be set by the plaintiffs and substituting therefor a provision precluding the defendant Martin DeLeon from offering any testimony at trial unless he appears for a deposition at a time and place mutually agreed to by the parties, but in no event less than 30 days before trial; as so modified, the order is affirmed, without costs or disbursements.

In the absence of evidence that the defendant Martin DeLeon willfully and contumaciously failed to appear for an examina-

tion before trial, the Supreme Court should not have conditionally stricken his answer (see *Tine v Courtview Owners Corp.*, 40 AD3d 966 [2007]; *Williams v Ryder TRS, Inc.*, 29 AD3d 784, 785 [2006]). The appropriate remedy was to preclude DeLeon from offering any testimony at trial unless he is deposed before the trial (see *Williams v Ryder TRS, Inc., supra; Solomon v Horie Karate Dojo*, 283 AD2d 480, 480-481 [2001]; *Cianciolo v Trism Specialized Carriers*, 274 AD2d 369, 370 [2000]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.