■ SUSAN ROCCO, Plaintiff, v FAMILY FOOT CENTER, Defendant, and STANLEY J. ZAWADA, Defendant and Third-Party Plaintiff-Respondent. CHARLES LOMBARDI, Third-Party Defendant-Appellant. [853 NYS2d 889]—

The determination whether to strike a pleading for a failure to comply with court-ordered discovery lies within the sound discretion of the trial court (*see* CPLR 3126 [3]; *Byrne v City of New York,* 301 AD2d 489, 490 [2003]; *Cianciolo v Trism Specialized Carriers,* 274 AD2d 369, 370 [2000]; *Vancott v Great Atl. & Pac. Tea Co.,* 271 AD2d 438 [2000]; *Brown v United Christian Evangelistic Assn.,* 270 AD2d 378, 379 [2000]). However, the drastic remedy of striking a pleading is not appropriate where, as here, there is no clear showing that the alleged failure to comply with discovery demands was willful or contumacious (*see* CPLR 3126 [3]; *Harris v City of New York,* 211 AD2d 663, 664 [1995]). Here, counsel for the third-party defendant affirmed that a copy of medical records generated by the third-party defendant had been sent to the third-party plaintiff on January 18, 2007 and submitted a copy of the transmittal letter accompanying the records, which established that discovery was timely made under the terms of the stipulation. Accordingly, the Supreme Court improvidently exercised its discretion in granting the defendant third-party plaintiff's motion. Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.