■ MEI YAN ZHANG, Appellant, v LOURDES SANTANA et al., Defendants, and YONG GUANG ZHENG et al., Respondents. [860 NYS2d 129]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated June 5, 2007, as denied those branches of her motion which were pursuant to CPLR 3126 to strike the answer of the defendants

Yong Guang Zheng and Elrac, Inc., and for summary judgment on the issue of liability against those defendants.

Ordered that the order is modified, on the law, the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was to strike the answer of the defendants Yong Guang Zheng and Elrac, Inc., insofar as interposed by the defendant Yong Guang Zheng, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants Yong Guang Zheng and Elrac, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The Supreme Court improvidently exercised its discretion in declining to strike the answer of the defendants Yong Guang Zheng (hereinafter Yong) and Elrac, Inc. (hereinafter Elrac, and together with Yong, the Elrac defendants), insofar as interposed by Yong, based upon his failure to appear for court-ordered depositions on two occasions. The willful and contumacious character of Yong's failure to appear can be inferred from his repeated failure to comply with the court orders directing his appearance, all of which were entered upon consent, and the lack of an adequate excuse for his failure to appear (see *Carbajal v Bobo Robo, Inc.*, 38 AD3d 820, 821-822 [2007]; *Xina v City of New York*, 13 AD3d 440, 441 [2004]; *Kroll v Parkway Plaza Joint Venture*, 10 AD3d 633, 633-634 [2004]; *Beneficial Mtge. Corp. v Lawrence*, 5 AD3d 339, 340 [2004]). However, the record does not support a finding that the Elrac defendants' answer, insofar as interposed by Elrac, should have been stricken. Unlike Yong, Elrac always had a corporate representative available to testify on its behalf, which is not refuted by the plaintiff. Moreover, the plaintiff does not allege any willful or contumacious conduct on Elrac's behalf. Accordingly, the Supreme Court correctly declined to strike the Elrac defendants' answer insofar as interposed by Elrac.

Further, the Supreme Court erred in denying those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the Elrac defendants. As to those defendants, the plaintiff demonstrated her prima facie entitlement to judgment as a matter of law by establishing that the vehicle operated by Yong and owned by Elrac proceeded into an intersection controlled by a stop sign without yielding the right of way to the approaching vehicle operated by the defendant

Lourdes Santana and owned by the defendant Luciano Santana (*see* Vehicle and Traffic Law § 1142 [a]; *Gergis v Miccio*, 39 AD3d 468, 468-469 [2007]; *Laino v Lucchese*, 35 AD3d 672 [2006]). No opposition papers were submitted. Therefore, the Supreme Court also should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the Elrac defendants.

In light of our determination, we need not address the plaintiff's remaining contentions. Miller, J.P., Dillon, McCarthy and Chambers, JJ., concur.