◼ RIGO COBENAS et al., Plaintiffs, v GINSBURG DEVELOPMENT COMPANIES, LLC, et al., Defendants/Second Third-Party Plaintiffs-Respondents, and LEOPOLD FRAMING CORP., Defendant/Third-Party Plaintiff-Respondent. MAURICIO SOARES, Third-

Party Defendant/Second Third-Party Defendant-Appellant. (And Third-and Fourth-Party Actions.) [903 NYS2d 238]—In an action to recover damages for personal injuries, etc., the third-party defendant Mauricio Soares appeals from an order of the Supreme Court, Orange County (Lubell, J.), entered June 3, 2009, which granted the motion of the defendant third-party plaintiff Leopard Framing Corp., and the separate motion of the defendants second third-party plaintiffs, Ginsburg Development Companies, LLC, Ginsburg Development Companies Corp., GDC Construction & Development Corp. and Fairways Wallkill, LLC, pursuant to CPLR 3126 (3) to strike his respective answers to the third-party complaint and the second third-party complaint for failure to appear for a deposition, and directed the entry of default judgments against him.

Ordered that the order is modified, on the law, by deleting the provisions granting the respective motions of the defendant/third-party plaintiff Leopard Framing Corp., and the defendants/second third-party plaintiffs Ginsburg Development Companies, LLC, Ginsburg Development Companies Corp., GDC Construction & Development Corp., and Fairways Wallkill, LLC, pursuant to CPLR 3126 (3) to strike the respective answers of Mauricio Soares to the third-party complaint and the second third-party complaint for failure to appear for a deposition and directing the entry of default judgments against him and substituting therefor a provision granting the motions to the extent of precluding Mauricio Soares from offering any testimony at trial; as so modified, the order is affirmed, with one bill of costs to the appellant payable by the respondents appearing separately and filing separate briefs.

In the absence of evidence that the appellant willfully and contumaciously failed to appear for an examination before trial, the Supreme Court should not have stricken his answer (see Cambry v Lincoln Gardens, 50 AD3d 1081 [2008]; Conciatori v Port Auth. of N.Y. & N.J., 46 AD3d 501 [2007]). The appropriate remedy was to preclude the appellant from offering any testimony at trial (see Patel v DeLeon, 43 AD3d 432 [2007]; Williams v Ryder TRS, Inc., 29 AD3d 784 [2006]). Mastro, J.P., Dillon, Florio and Balkin, JJ., concur.