■ TRUDY FACEY, Respondent, v SILVER EXPRESS CAB CORP. et al., Appellants, et al., Defendants. [929 NYS2d 755]—

As a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed," a court may issue an order, inter alia, "prohibiting the disobedient party . . . from producing in evidence designated things or items of testimony" or "striking out pleadings" (CPLR 3126 [2], [3]). A court may invoke the drastic remedy of striking a pleading, however, only upon a clear showing that the failure to comply with court-ordered discovery was willful and contumacious (*see Argo v Queens Surface Corp.*, 58 AD3d 656 [2009]; *Paca v City of New York*, 51 AD3d 991, 993 [2008]). Here, the record does not support a finding that the appellants willfully and contumaciously failed to produce the defendant Mohammad Akbar for a deposi-

tion. Under the circumstances, the appropriate remedy was an order precluding the appellants from calling Akbar as a witness at trial (*cf. Patel v DeLeon*, 43 AD3d 432, 433 [2007]; *Williams v Ryder TRS, Inc.*, 29 AD3d 784, 785 [2006]). Mastro, J.P., Balkin, Chambers and Sgroi, JJ., concur.