■ ALISHER ZAKHIDOV, Appellant, v BOULEVARD TENANTS CORP. et al., Respondents. [945 NYS2d 756]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Weiss, J.), entered January 24, 2011, which, upon, inter alia, a jury verdict, among other things, awarding him damages in the principal sums of only $50,000 for past pain and suffering and $0 for future pain and suffering, is in favor of him and against the defendants in the principal sum of only $50,000.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages.

At the damages phase of this bifurcated trial, the defendants' attorney asked the trial court to preclude the plaintiff from introducing his hospital records, since the plaintiff had not complied with two court orders requiring him to provide updated authorizations compliant with the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*; hereinafter HIPAA). The plaintiff's attorney admitted that he had failed to provide "fresh" HIPAA-compliant authorizations, but stated that the plaintiff had never sought additional treatment after his initial hospitalization, so the defendants, who had obtained the hospital records earlier, were not prejudiced by this failure to provide updated authorizations. Nevertheless, the trial court granted the defendants' application, and it precluded the plaintiff from introducing the hospital records and precluded the plaintiff's expert from referring to the hospital records. The jury rendered a verdict, inter alia, awarding damages to the plaintiff in the principal sums of $50,000 for past pain and suffering and $0 for future pain and suffering. The plaintiff moved to set aside the verdict on the issue of damages as contrary to the weight of the evidence or as inadequate and for a new trial on the issue of damages. The trial court denied the motion, and entered a judgment in favor of the plaintiff and against the defendants in the principal sum of $50,000. The plaintiff appeals, contending, among other things, that the trial court erred in precluding him from introducing the medical records and not allowing his expert to refer to them.

The nature and degree of a penalty to be imposed under CPLR 3126 for discovery violations is addressed to the court's discretion (*see Romeo v Barrella*, 82 AD3d 1071, 1075 [2011]; *Isaacs v Isaacs*, 71 AD3d 951, 952 [2010]; *Duncan v Hebb*, 47 AD3d 871 [2008]; *Carbajal v Bobo Robo, Inc.*, 38 AD3d 820, 821 [2007]).

CPLR 3126 permits courts to fashion such orders "as are just" (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 79 [2010]; *Carbajal v Bobo Robo, Inc.*, 38 AD3d 820 [2007]). The general rule is that a court must impose a sanction commensurate with the particular disobedience it is designed to punish (*see* Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:8). Before a court invokes the drastic remedy of striking a pleading, or even of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious (*see Moog v City of New York*, 30 AD3d 490, 490-491 [2006]; *Assael v Metropolitan Tr. Auth.*, 4 AD3d 443 [2004]; *Kelleher v Mt. Kisco Med. Group*, 264 AD2d 760, 761 [1999]).

Here, nothing in the record supports a conclusion that the plaintiff's failure to provide updated HIPAA-compliant authorizations in violation of the court orders was willful and contumacious. The plaintiff had earlier provided HIPAA-compliant authorizations, and the defendants had obtained the records of the plaintiff's hospitalization, which they were able to utilize fully. Moreover, under the circumstances of this case, where the plaintiff did not seek additional treatment after his initial hospitalization, there is no indication that the plaintiff failed to comply with the court orders in order to gain an advantage in the litigation (*see Moog v City of New York*, 30 AD3d at 490-491). Accordingly, the Supreme Court's preclusion of the plaintiff's hospital records was an improvident exercise of discretion (*see Allen v Calleja*, 56 AD3d 497, 498 [2008]; *cf. Wagner v 119 Metro, LLC*, 59 AD3d 531, 533 [2009]), and we remit the matter to the Supreme Court, Queens County, for a new trial on the issue of damages.

In light of our determination, the plaintiff's remaining contentions have been rendered academic. Rivera, J.P., Balkin, Belen and Chambers, JJ., concur.