■ KYANA HOLLOWAY, Appellant, v STATION BAR CORP., Doing Business as BARTINIS, Respondent. [977 NYS2d 288]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an or-

der of the Supreme Court, Kings County (Partnow, J.), dated November 27, 2012, as granted that branch of her motion which was pursuant to CPLR 3126 only to the extent of precluding the defendant from offering any testimony at trial from two of its employees named "Juan" and "Jose."

Ordered that the order is affirmed insofar as appealed from, with costs.

As a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed," a court may issue an order, inter alia, "prohibiting the disobedient party . . . from producing in evidence designated things or items of testimony" or "striking out pleadings" (CPLR 3126 [2], [3]). A court may invoke the drastic remedy of striking a pleading, however, only upon a clear showing that the failure to comply with court-ordered discovery was willful and contumacious (*see Facey v Silver Express Cab Corp.*, 87 AD3d 1053 [2011]; *Patel v DeLeon*, 43 AD3d 432, 433 [2007]; *Williams v Ryder TRS, Inc.*, 29 AD3d 784, 785 [2006]). Here, the record does not support a finding that the defendant willfully and contumaciously failed to produce for depositions two of its former employees identified only as "Juan" and "Jose." Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 only to the extent of precluding the defendant from calling "Juan" and "Jose" as witnesses at trial (*see Viteritti v Gelfand*, 289 AD2d 566, 567 [2001]).

The plaintiff's remaining contention is without merit. Skelos, J.P., Dickerson, Lott and Austin, JJ., concur.