CATHERINE GUTMAN, as President of the Condominium Board of the Washington Condominium Association, Respondent, v HEILIN CABRERA, Owner of Unit B3H of the Washington Condominium, Defendant/Third-Party Plaintiff-Appellant. THE WASHINGTON CONDOMINIUM ASSOCIATION, Managers of the Washington Condominium, et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [995 NYS2d 179]—

In an action, inter alia, for injunctive relief and to recover damages for breach of contract and injury to property, the defendant/third-party plaintiff appeals from so much of an order of the Supreme Court, Kings County (Schneier, J.H.O.), dated May 7, 2013, as conditionally granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike her answer and third-party complaint unless she appeared for a deposition on a specified date.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court conditionally granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the answer and the third-party complaint of the defendant/third-party plaintiff (hereinafter the appellant) unless she appeared for a deposition on a specified date.

The nature and degree of a penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court (*see Harris v City of New York*, 117 AD3d 790 [2014]; *see also Apladenaki v Greenpoint Mtge. Funding, Inc.*, 117 AD3d 976 [2014]; *Fishbane v Chelsea Hall, LLC*, 65 AD3d 1079, 1081 [2009]). "If any party . . . refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed," the court may issue an order to sanction that party (CPLR 3126). Such sanctions may include an order striking that party's pleading (*see* CPLR 3126).

"The striking of a party's pleading is a drastic remedy only warranted where there has been a clear showing that the failure to comply with [court-ordered discovery] was willful and contumacious" (*Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]; *see Facey v Silver Express Cab Corp.*, 87 AD3d 1053, 1053 [2011]; *Patel v DeLeon*, 43 AD3d 432, 432-433 [2007]). " 'Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply or a failure to comply with court-ordered discovery over an extended period of time' " (*Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922, 923 [2012], quoting *Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d 685, 686-687 [2011]; *see Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d at 210).

Here, the appellant repeatedly failed to comply with the Supreme Court's discovery orders, including the failure to

provide supplemental responses to certain interrogatories and to appear for a deposition. At the time that the court ordered that the parties' depositions be conducted by February 27, 2013, two prior court-ordered deadlines had passed, and the case was almost five years old. Moreover, the appellant's excuse for failing to appear for a deposition on February 27, 2013, even though her counsel had confirmed her appearance prior to that date, was not reasonable. Furthermore, the Supreme Court only conditionally granted that branch of the plaintiff's motion which was to strike the appellant's pleadings, and provided the appellant an additional date to appear for a deposition.

Accordingly, the Supreme Court providently exercised its discretion in conditionally granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the appellant's answer and third-party complaint unless she appeared for a deposition on a specified date (*see Harris v City of New York*, 117 AD3d at 790; *Almonte v Pichardo*, 105 AD3d 687, 688 [2013]; *Sadoyan v Castro*, 102 AD3d 666, 667 [2013]; *Mei Yan Zhang v Santana*, 52 AD3d 484, 485 [2008]; *Carbajal v Bobo Robo, Inc.*, 38 AD3d 820, 821, 822 [2007]; *Xina v City of New York*, 13 AD3d 440, 441 [2004]).

The appellant's remaining contentions either are without merit or concern matters that are outside of the record and cannot be considered on appeal. Rivera, J.P., Hall, Austin and Roman, JJ., concur.