■ Louis Brodsky, Individually and as Administrator of the Estate of Pearl Brodsky, Deceased, Respondent, v Amber Court Assisted Living, LLC, et al., Appellants. [46 NYS3d 656]—

In an action, inter alia, to recover damages for personal injuries and wrongful death, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered May 22, 2015, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the answer of the defendant Keisha Adams to the extent of conditionally striking her answer unless she appeared for a deposition on a date certain.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof conditionally striking the answer of the defendant Keisha Adams unless she appeared for a deposition on a date certain, and substituting therefor a provision precluding the defendant Keisha Adams from offering any testimony at trial unless she appears for a deposition at a time and place mutually agreed to by the parties, but in no event less than 30 days before trial; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In the absence of evidence that the defendant Keisha Adams willfully and contumaciously failed to appear for an examination before trial, the Supreme Court improvidently exercised its discretion in conditionally striking her answer (see *Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]; *Patel v DeLeon*, 43 AD3d 432, 432-433 [2007]). Under the circumstances, the appropriate remedy was to preclude Adams from offering any testimony at trial unless she appeared for a deposition at least 30 days before the trial (see *Patel v DeLeon*, 43 AD3d at 432-433; *Williams v Ryder TRS, Inc.*, 29 AD3d 784, 785 [2006]; *Viteritti v Gelfand*, 289 AD2d 566, 567 [2001]; *Solomon v Horie Karate Dojo*, 283 AD2d 480, 481 [2001]; *Cianciolo v Trism Specialized Carriers*, 274 AD2d 369, 370 [2000]; cf. *Facey v Silver Express Cab Corp.*, 87 AD3d 1053, 1053-1054 [2011]).

The defendants' remaining contention is without merit. Chambers, J.P., Roman, Miller and Barros, JJ., concur.