Crupi v Rashid (2018 NY Slip Op 00406)





Crupi v Rashid


2018 NY Slip Op 00406


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-05512
 (Index No. 100133/14)

[*1]Barry Crupi, respondent, 
v
Syed Rashid, et al., appellants.


Ted Mozes PLLC, Spring Valley, NY (Ted T. Mozes of counsel), for appellants.
Howard M. File, Esq., P.C., Staten Island, NY, for respondent.



DECISION & ORDER
In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal, by permission, from an order of the Supreme Court, Richmond County (McMahon, J.), dated March 14, 2016, which, sua sponte, precluded the incarcerated defendant, Syed Rashid, from testifying at trial.
ORDERED that the order is reversed, on the law, with costs.
The nature and degree of a penalty to be imposed under CPLR 3126 for discovery violations is addressed to the court's discretion (see Dimoulas v Roca, 120 AD3d 1293, 1295; Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739). The general rule is that the court will impose a sanction commensurate with the particular disobedience it is designed to punish and go no further than that (see Zakhidov v Boulevard Tenants Corp., 96 AD3d at 739; Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3126:8). Before a court invokes the drastic remedy of striking a pleading, or even of precluding all evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious (see Zakhidov v Boulevard Tenants Corp., 96 AD3d at 739; Cianciolo v Trism Specialized Carriers, 274 AD2d 369, 370).
Here, on this record, there is no evidence demonstrating either that the incarcerated defendant, Syed Rashid, willfully and contumaciously failed to be deposed, or that his attorney failed to secure his deposition (see Brodsky v Amber Ct. Assisted Living, LLC, 147 AD3d 810; Zakhidov v Boulevard Tenants Corp., 96 AD3d at 738; Patel v DeLeon, 43 AD3d 432, 432-433; Cianciolo v Trism Specialized Carriers, 274 AD2d at 370).
The plaintiff's remaining contentions are either without merit or academic in light of our determination.
Accordingly, the Supreme Court erred in issuing its order precluding the incarcerated defendant from testifying at trial.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court