Giraldo v Highmark Ind., LLC (2019 NY Slip Op 06382)





Giraldo v Highmark Ind., LLC


2019 NY Slip Op 06382


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-08738
 (Index No. 11870/14)

[*1]Mauro Giraldo, et al., respondents,
v
Highmark Independent, LLC, et al., defendants, Sublink, Ltd., appellant.


Camacho Mauro Mulholland, LLP, New York, NY (Kathleen M. Mulholland and Rachel M. Smith of counsel), for appellant.
Buttafuoco & Associates, PLLC, Woodbury, NY (Ellen Buchholz and Shawn Alfano of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Sublink, Ltd., appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated May 1, 2018. The order granted that branch of the plaintiffs' motion which was to strike the answer of that defendant to the extent of precluding it from offering evidence at trial.
ORDERED that the order is affirmed, with costs.
The motion court has broad discretion to determine the nature and degree of the sanction to be imposed pursuant to CPLR 3126 (see Mears v Long, 149 AD3d 823). Before a court invokes the drastic remedy of precluding a party from offering evidence at trial, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious (see Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 738). Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time (see Gutman v Cabrera, 121 AD3d 1042, 1043; Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 210).
Here, the willful and contumacious character of the appellant's conduct can be inferred from its repeated failures to produce a representative for a deposition. The Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' motion which was to strike the appellant's answer to the extent of precluding it from offering evidence at trial (see Rogers v Howard Realty Estates, Inc., 145 AD3d 1051; Commisso v Orshan, 85 AD3d 845).
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court