Karim Tarboush, Respondent,
against
Richie Delgado and Lai Trucking, LLC, Appellants.




Martyn & Martyn, Esqs. (Jeffrey P. Yong and Joseph Aufenanger of counsel), for appellant.
The Latronica Law Firm, P.C. (Christian Siragusa of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Tracy A. Catapano-Fox, J.), entered January 22, 2018. The order granted plaintiff's motion to strike the answer of defendant Richie Delgado, or, in the alternative, to compel defendant Delgado to appear for an examination before trial, to the extent of directing defendant Delgado to appear for an examination before trial within 30 days from the date of the order with notice of entry or his answer would be stricken.




ORDERED that the order is modified by providing that plaintiff's motion to strike the answer of defendant Delgado, or, in the alternative, to compel defendant Delgado to appear for an examination before trial is granted only to the extent of directing defendant Delgado to appear for an examination before trial within 45 days from the date of this decision and order or he shall be precluded from offering any testimony at trial; as so modified, the order is affirmed, without costs.
In this negligence action, plaintiff seeks to recover for injuries he sustained in a fall from a truck owned by defendant Lai Trucking, LLC (Lai) and operated by defendant Richie Delgado. Approximately six months after Delgado failed to appear for a court-ordered examination before trial, plaintiff moved to strike Delgado's answer, or, in the alternative, to compel him to appear for an examination before trial. In opposition, defense counsel argued that Delgado's failure to [*2]appear was not the result of willful and contumacious conduct and that defendants had shown good faith, as they had already produced an employee of Lai for a deposition. In an order entered January 22, 2018, the Civil Court granted plaintiff's motion "solely to the extent that Delgado is directed to appear for an examination before trial within thirty (30) days . . . or his Answer will be stricken." Defendants appeal.
As a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed," a court may issue an order, among other things, "prohibiting the disobedient party . . . from producing in evidence designated things or items of testimony" or "striking out pleadings" (CPLR 3126 [2], [3]). A court may invoke the drastic remedy of striking a pleading upon a clear showing that the failure to comply with court-ordered discovery was willful and contumacious (see Brodsky v Amber Ct. Assisted Living, LLC, 147 AD3d 810 [2017]; Facey v Silver Express Cab Corp., 87 AD3d 1053 [2011]; Argo v Queens Surface Corp., 58 AD3d 656 [2009]). Here, the record does not support a finding that Delgado willfully and contumaciously failed to appear for a deposition. Under the circumstances presented, including that the adverse impact of the striking of Delgado's answer would fall most heavily on Lai, which is not in default of any discovery order and which would be vicariously liable for Delgado's negligence, the appropriate remedy is an order precluding Delgado from offering testimony at trial should he not appear for an examination before trial within 45 days from the date of this decision and order (see Brodsky v Amber Ct. Assisted Living, LLC, 147 AD3d 810; Facey v Silver Express Cab Corp., 87 AD3d 1053; Magee v City of New York, 242 AD2d 239 [1997]).
PESCE, P.J., and ALIOTTA, J., concur.
WESTON, J., concurs in part and dissents in part, and votes to affirm the order in the following memorandum:
In my opinion, the Civil Court providently exercised its discretion in imposing its sanction of striking defendant Delgado's answer unless he appeared for a deposition within 30 days. Accordingly, I respectfully vote to affirm.
While the striking of a pleading is a drastic remedy reserved for a party's willful and contumacious conduct in failing to comply with court-ordered discovery, such conduct may be inferred from either (1) the repeated failure to comply with discovery demands or discovery orders, or (2) a "failure to comply with court-ordered discovery over an extended period of time" (Williams v Suttle, 168 AD3d 792, 793 [2019]). In any case, the nature and extent of the sanction to be imposed for a discovery violation lies within the broad discretion of the court, whose determination should not be disturbed absent an improvident exercise of that discretion (see id.; Zakhidov v Boulevard Tenants Corp., 96 AD3d 737 [2012]; Carbajal v Bobo Robo, Inc., 38 AD3d 820 [2007]). "The general rule is that a court must impose a sanction commensurate with the particular disobedience it is designed to punish" (Zakhidov v Boulevard Tenants Corp., 96 AD3d at 739).
Here, the court acted well within its discretion in tailoring a just sanction (see CPLR 3126). Defendant Delgado's willful and contumacious conduct can be inferred from his failure to appear for a deposition after two court orders, as well as an adjournment (see Mei Yan Zhang v [*3]Santana, 52 AD3d 484 [2008]; Carbajal v Bobo Robo, Inc., 38 AD3d at 821-822). Moreover, no adequate excuse was offered for Delgado's failure to appear, and defense counsel did not indicate what attempts, if any, were made to secure Delgado's deposition (see Carbajal v Bobo Robo, Inc., 38 AD3d at 822). " 'The fact that a defendant has disappeared or made himself or herself unavailable is not a basis for denying a motion to strike his or her answer for failure to appear at a deposition' " (Sepulveda v 101 Woodruff Ave. Owner, LLC, 166 AD3d 835, 837 [2018], quoting Bates v Baez, 299 AD2d 382, 382 [2002]). Finally, the Civil Court only conditionally granted that branch of plaintiff's motion to strike Delgado's answer and afforded Delgado additional time to avoid this sanction by appearing for a deposition within 30 days (see Gutman v Cabrera, 121 AD3d 1042 [2014]). Based on Delgado's conduct, the court's sanction was appropriate and should not be disturbed on appeal.
Accordingly, I vote to affirm the Civil Court's order.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 4, 2019