| |
|---|
| **Alhanafi v City of New York** |
| 2025 NY Slip Op 30452(U) |
| February 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157069/2020 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    <u>HON. HASA A. KINGO</u> | **PART**        **05M** |

*Justice*

------------------------------------------------------------------------------X

RAYHANAH ALHANAFI,

                          Plaintiff,

                 - v -

THE CITY OF NEW YORK, POLICE OFFICER TUHIN
KHAN, POLICE OFFICER DAVID TOBAR, POLICE
OFFICER JULIO JIMENEZ, POLICE OFFICER DENIS
CEKIC, POLICE OFFICER EDGAR RUSI, POLICE
OFFICER SAJMA HOT

                          Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157069/2020 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73, 74

were read on this motion for                 DISCOVERY               .

       Upon consideration of the motion by Defendants seeking an order compelling Plaintiff to comply with prior court orders and respond to Defendants' second set of demands, or, in the alternative, striking Plaintiff's complaint for failure to comply with court-ordered discovery, and Plaintiff's cross-motion for sanctions against Defendants, the court decides as follows:

## PROCEDURAL HISTORY

       The instant litigation presents a multifaceted dispute centered on Plaintiff's claims of excessive force, false arrest, malicious prosecution, and a litany of alleged constitutional violations arising from her arrest on July 12, 2019. Plaintiff alleges that at the northwest corner of West 145th Street and 7th Ave in Manhattan, she was subjected to a series of unlawful acts by Defendants. These include the use of excessive force, false arrest, false imprisonment, assault and battery, and the unlawful deprivation of her property through the seizure of her car. Plaintiff contends that these actions resulted in a cascade of damages – including a C-2 fracture, neck pain, requirements for a neck brace and physical therapy, cervical and paraspinal injuries, and emotional as well as psychological trauma. In addition, Plaintiff asserts lost earnings and attributes a monetary value of $3,500.00 to the vehicle that was seized and not returned.

       Plaintiff commenced this action by filing a summons and complaint on or about September 2, 2020, against the City of New York and several police officers. The City of New York and Officer Khan initially answered on December 18, 2020, and later filed an amended answer. Plaintiff provided a verified bill of particulars on March 22, 2021, and filed an amended complaint on August 17, 2022.

[* 1]

NYSCEF DOC. NO. 75

Defendants served a second set of demands for discovery and inspection on May 24, 2021. A series of compliance conferences followed, and resulted in stipulations requiring Plaintiff to respond to discovery demands. Plaintiff provided some responses on August 4, 2023, and Defendants served a deficiency letter on September 21, 2023. Plaintiff responded to the deficiency letter on January 19, 2024.

Despite these responses, Defendants argue that Plaintiff has not fully complied with discovery demands, leading to court orders on April 23, 2024, and June 18, 2024, directing Plaintiff to respond. Defendants assert that Plaintiff remains noncompliant. Plaintiff argues that she has fully complied and that Defendants' motion is an attempt to relitigate discovery disputes that have already been resolved.

**ARGUMENTS**

Defendants argue that the requested discovery is material and necessary, citing CPLR § 3101(a) and *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-07 (1968). They contend that Plaintiff's claims, including false arrest and malicious prosecution, place at issue her driving history, employment, and vehicle-related records. They further argue that Plaintiff's failure to provide authorizations and documentation warrants the striking of Plaintiff's complaint under CPLR § 3126, citing *Gutman v. Cabrera*, 121 AD3d 1042 (2d Dept 2014), and *Mei Yan Zhang v. Santana*, 52 AD3d 484 (2d Dept 2008).

In response, Plaintiff argues that she has already complied with discovery obligations and that Defendants misrepresent court orders. She contends that Defendants' motion lacks legal basis, fails to cite authority supporting their specific demands, and constitutes a fishing expedition. Therefore, Plaintiff cross-moves for sanctions against Defendants under 22 NYCRR § 130-1.1, arguing that their motion was frivolous and intended to delay proceedings.

**DISCUSSION**

### A. Discovery Compliance

The scope of discovery in New York is broad, allowing for "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR § 3101[a]). Courts have discretion to supervise disclosure and impose penalties for noncompliance (*see e.g.*, *Matter of Cullen*, 143 AD2d 746 (2d Dept 1988).

Against this backdrop, here Defendants have moved to compel Plaintiff to comply with court orders dated April 23, 2024, and June 18, 2024, directing her to respond fully to the Defendants' supplemental demands for discovery and inspection (commonly referred to as the "second set of demands"). These demands were originally served on May 24, 2021, and reiterated by subsequent orders – notably those following the deficiency letters and conferences on August 22, 2023, November 28, 2023, and January 19, 2024. In essence, Defendants argue that despite Plaintiff's partial responses – which largely object to requests or allege that evidence has already been produced – key discovery items remain outstanding. Among these, Plaintiff's failure to provide employment authorizations is highlighted as particularly significant given her claims for lost earnings. Furthermore, Defendants emphasize the significance of obtaining documents that Plaintiff

purportedly provided to law enforcement at the time of her arrest, asserting that such records are essential to demonstrating that their actions were based on probable cause.

Defendants' argument is that Plaintiff's discovery responses are deficient, thereby necessitating the court's intervention to compel full compliance with the discovery orders. Defendants further contend that the requested documents – which are directly tied to issues such as Plaintiff's employment history, driving record, and the chain of custody regarding her vehicle – are material to adjudicating the claims of false arrest, excessive force, and the related loss of income. The court's analysis in similar cases (*e.g.*, *Allen*, 21 NY2d 403, *supra*) confirms that where a party has placed matters in controversy, such as a claim for lost earnings or physical injury, the discovery of supporting documentation is both permissible and necessary.

On the other hand, Plaintiff argues that she has, in fact, complied with Defendants' discovery demands. That statement is misleading, as many of Plaintiff's responses consist of broad objections that effectively amount to a failure to provide any substantive response. Her opposition and cross-motion contend that the discovery requests represent nothing more than a fishing expedition, and she further asserts that Defendants' motion misstates the factual record. In particular, Plaintiff points out that while a deficiency letter was issued, the subsequent court orders do not explicitly refer to the disputed discovery items. Plaintiff contends that several of the referenced orders address merely the existence of a deficiency letter rather than the substance of the discovery demands themselves. This argument misses the mark, as Defendants are entitled to the requested discovery, regardless of any imprecision in how it was articulated.

Moreover, Plaintiff's counsel has emphasized that the very same discovery demands that Defendants now seeks to compel are concurrently being raised in her motion for sanctions. This dual position – objecting to discovery while also seeking sanctions for purported misstatements by Defendants – appears contradictory and undermines the civility and coherence expected in litigation.

Defendants' response to Plaintiff's cross-motion is equally detailed. Defendants maintain that Plaintiff's failure to produce critical documentation (notably the employment authorizations) cannot be excused and is directly inconsistent with the extensive damages alleged in the complaint, including lost earnings. Defendants assert that any delay in compliance is attributable solely to Plaintiff's lack of diligence rather than any impropriety or bad faith on the part of Defendants. Furthermore, Defendants dispute Plaintiff's contention that its motion is frivolous or intended solely to delay litigation. Defendants' counsel points to a consistent record – including multiple deficiency letters and repeated court orders – that clearly delineates Plaintiff's ongoing noncompliance with the discovery process.

The factual record, as drawn from the NYSCEF documents and the testimony contained therein, reveals a dissonance between the parties. On one hand, Plaintiff's allegations in the complaint place a premium on specific factual matters, such as her employment status and the circumstances surrounding the seizure of her vehicle. On the other, Plaintiff's discovery responses appear to omit or obfuscate the very evidence that would substantiate those allegations. Such a discrepancy is especially glaring when one considers that Plaintiff is seeking recovery for lost income based on her employment history – a history that should be readily confirmed through proper employment authorizations and related records. In this light, Defendants' insistence that Plaintiff provide the outstanding documentation is both reasonable and firmly grounded in discovery principles.

**157069/2020   RAYHANAH ALHANAFI, vs. THE CITY OF NEW YORK, ET AL**                                **Page 3 of 5**
**Motion No.  003**

3 of 5

Additionally, while Plaintiff argues that Defendants have repeatedly misstated the historical record of the case, a careful review of the relevant orders indicates that many of these orders, particularly those issued on August 22, 2023, November 28, 2023, and subsequently in 2024, were focused on remedying a discovery deficiency rather than altering the substance of the case. It is also important to note that the alleged misrepresentations appear to be more reflective of a misunderstanding of the evolving discovery record than of any intentional falsehood or effort to delay the proceedings. Nevertheless, the court is mindful that civility and clarity are paramount in litigation. In that regard, both parties are reminded that they bear the responsibility to accurately state the procedural history and to avoid inflating or mischaracterizing the factual record.

The court also observes that Plaintiff's counsel's simultaneous reliance on assertions of full compliance and the motion for sanctions against Defendants creates an unnecessary conflation of discovery disputes with allegations of bad faith. Given that Plaintiff's damages include specific claims for lost earnings and the valuation of her car, the very documents and authorizations that are now being sought by Defendants are central to the adjudication of her claims. The same applies to documentation regarding Plaintiff's driving record. It is therefore inconsistent and unproductive for Plaintiff to assert that the discovery demands are both fully met and, at the same time, subject to punitive sanctions for alleged misstatements.

Considering these factors, the court finds that while Plaintiff has provided certain discovery responses, they remain inadequate in addressing the key issues raised by Defendants—particularly the employment authorizations and related documents essential to substantiating Plaintiff's claims for lost income and her driving eligibility at the time of the incident. Defendants' motion to compel, therefore, has a substantial basis in the record and is granted to the extent indicated below.

## B. Motion to Strike

Striking a pleading is a drastic remedy appropriate only for willful and contumacious noncompliance (*see Lobo Equities, Inc. v. North River Ins. Co.*, 124 AD2d 647 [2d Dept 1986]). Here, although Plaintiff's responses have been delayed, they are not so profoundly deficient as to justify dismissal; however, a less severe remedy—compelled further disclosure—is warranted. Here, rather than strike Plaintiff's complaint, the court opts to direct time-certain compliance by Plaintiff with additional disclosure obligations, and the possible imposition of sanctions, including the striking of Plaintiff's complaint, if Plaintiff fails to comply in the manner enumerated by the court.

## C. Plaintiff's Cross-Motion for Sanctions

Sanctions under 22 NYCRR § 130-1.1 are appropriate where conduct is frivolous, lacking merit, undertaken to harass, or asserting false material facts. While Defendants' motion was forceful, it does not rise to the level of frivolous conduct. Defendants sought relevant discovery, and while they overstated some deficiencies, their motion was not entirely baseless.

Indeed, while Plaintiff's objections and cross-motions raise valid points regarding the scope and potential overbreadth of some discovery requests, these points do not outweigh the necessity for full compliance with the court's discovery orders. Furthermore, the arguments for sanctions and cost awards based on alleged misstatements and delay do not meet the high threshold required under 22

NYCRR § 130-1.1, especially given the overlapping and inconsistent positions advanced by Plaintiff. Therefore, Plaintiff's request for sanctions is denied.

Lastly, it is noted that procedural leave for the instant motion appears questionable. The motion was filed at a time when the next conference is scheduled for February 18, 2025, and it is incumbent upon counsel to observe the established timetables for discovery disputes. The court reminds all parties that adherence to scheduling orders is essential for the efficient and respectful administration of justice.

Based on the foregoing, it is hereby

**ORDERED** that Defendants' motion is granted to the extent that Plaintiff shall, within 20 days (and no later than February 24, 2025), provide employment authorizations and any other outstanding discovery relevant to her claims for lost earnings; and it is further

**ORDERED** that Defendants' motion is granted to the extent that Plaintiff shall produce and make available for inspection, within 20 days (and no later than February 24, 2025), all documents and tangible items in her possession or control that relate to: a. The source of the temporary license plates affixed to the vehicle; b. Plaintiff's driving privileges on the date of the incident; c. Proof of Plaintiff's purchase of the vehicle; and d. Evidence or documentation establishing the roadworthiness of the vehicle on the date of the incident; and it is further

**ORDERED** that Defendants' motion to strike Plaintiff's complaint is denied, with leave to renew if Plaintiff does not comply with the above-stated disclosures; and it is further

**ORDERED** that Plaintiff's cross-motion for sanctions is denied; and it is further

**ORDERED** that no further extensions for discovery compliance shall be granted absent good cause shown; and it is further

**ORDERED** that the parties shall appear for a compliance conference on Tuesday, March 4, 2025, at 2:00 PM in the DCM Part, located at 80 Centre Street, Room 103, New York, NY 10013.

This constitutes the decision and order of the court.

| 2/3/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | HASA A. KINGO, J.S.C. | |

| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |