In an action, inter alia, to recover damages in quantum meruit for services rendered and for unjust enrichment, the defendant Creative Bath Products, Inc., appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated November 29, 2011, which granted the plaintiffs motion pursuant to CPLR 3126 to preclude it from, inter alia, presenting certain evidence at trial.
Ordered that the order is affirmed, with costs.
Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party “refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed.” The nature and degree of the penalty to be imposed under CPLR 3126 is a matter generally left to the court’s discretion (see Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739 [2012]). To invoke the drastic remedy of preclusion, the court must determine that the offending party’s lack of cooperation with disclosure was willful, deliberate, and contumacious (see Moog v City of New York, 30 AD 3d 490, 490 [2006]; Assael v Metropolitan Tr. Auth., 4 AD3d 443, 443 [2004]). The willful or contumacious character of a party’s conduct can be inferred from the party’s repeated failure to comply with discovery demands or orders without a reasonable excuse (see Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 210 [2012]; Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066, 1066 [2012]).
Here, the plaintiff made a clear showing that the defendant Creative Bath Products, Inc. (hereinafter the appellant), repeatedly failed to comply with its discovery demands. Further, the *1020 appellant’s willful and contumacious conduct in failing to meaningfully respond to those demands may be reasonably inferred from the record (see H.R. Prince, Inc. v Elite Envtl. Sys., Inc., 107 AD3d 850, 851 [2013]). Accordingly, the Supreme Court did not improvidently exercise its discretion in granting the plaintiffs motion pursuant to CPLR 3126 to preclude the appellant from, inter alia, presenting certain evidence at trial. Mastro, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.