■ NICHOLAS A. HARRIS, an Infant, by His Parents and Natural Guardians, JAFARI HARRIS and Another, et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [985 NYS2d 711]—

In an action to recover damages for personal injuries, etc., the defendants City of New York, New York City Department of Education, and Victory Schools, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lebowitz, J.), entered April 10, 2013, as denied their motion pursuant to CPLR 3126 to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the motion of the defendants City of New York, New York City Department of Education, and Victory Schools, Inc., pursuant to CPLR 3126 to dismiss the complaint is granted.

A court may, inter alia, issue an order "prohibiting the disobedient party . . . from producing in evidence . . . items of testimony" or "striking out pleadings" as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126 [2], [3]). Before a court invokes the drastic remedy of striking a pleading or the alternative remedy of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious (*see Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]; *Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]; *Commisso v Orshan*, 85 AD3d 845 [2011]). While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court (*see Romeo v*

*Barrella*, 82 AD3d 1071, 1075 [2011]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010]; *Isaacs v Isaacs*, 71 AD3d 951, 952 [2010]), the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse (*see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d 843, 845 [2008]; *Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000]; *Lewis v John*, 87 AD3d 564, 565 [2011]; *Byam v City of New York*, 68 AD3d 798, 800 [2009]).

Here, in opposition to the appellants' motion to dismiss the complaint, the plaintiffs' counsel asserted that the infant plaintiff resides in Georgia and was unable to travel to New York on his own. The plaintiffs' counsel did not proffer any excuse as to why the remaining plaintiffs could not appear for court-ordered depositions. The willful and contumacious character of the plaintiffs' conduct can be inferred from their failures to comply with several court orders over a period of one year and five months directing them to appear for depositions, and the lack of a reasonable excuse for those failures (*see Almonte v Pichardo*, 105 AD3d 687, 688 [2013]; *Sadoyan v Castro*, 102 AD3d 666, 667 [2013]; *Carabello v Luna*, 49 AD3d 679, 680 [2008]). That the infant plaintiff and his parents had made themselves unavailable does not preclude the dismissal of the complaint (*see Silberstein v Maimonides Med. Ctr.*, 109 AD3d 812 [2013]; *Duncan v Hebb*, 47 AD3d 871 [2008]; *Stahl v Rhee*, 220 AD2d 39 [1996]; *Smith v North Shore Univ. Hosp.*, 198 AD2d 219 [1993]; *Gonzalez v Paniccioli*, 174 AD2d 709 [1991]).

Accordingly, the appellants' motion pursuant to CPLR 3126 to dismiss the complaint should have been granted. Mastro, J.P., Hall, Lott, Austin and Duffy, JJ., concur.