Turiano v Schwaber (2020 NY Slip Op 01200)





Turiano v Schwaber


2020 NY Slip Op 01200


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-08739
 (Index No. 40291/07)

[*1]Genevieve Turiano, appellant,
v
Fern H. Schwaber, respondent.


Harold A. Shapiro, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellant.
Montfort, Healy, McGuire & Salley LLP, Garden City, NY (Donald S. Neumann, Jr., of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated May 2, 2018. The order granted the defendant's motion, in effect, pursuant to CPLR 3126(3) to strike the complaint.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the defendant's motion, in effect, pursuant to CPLR 3126(3) to strike the complaint, and substituting therefor a provision granting the defendant's motion only to the extent of precluding the plaintiff from offering evidence at trial with respect to any of the new injuries alleged in the plaintiff's supplemental verified bill of particulars dated March 16, 2015, and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements.
This personal injury action arose out of a motor vehicle accident that occurred on April 5, 2007. On December 31, 2007, the plaintiff commenced this action against the defendant to recover damages for personal injuries. The plaintiff's deposition was conducted on October 17, 2008. The plaintiff filed a note of issue in May 2012, but after the plaintiff underwent a surgical procedure in June 2014, the note of issue was vacated in July 2014. On March 17, 2015, the plaintiff served a supplemental verified bill of particulars alleging that she underwent surgeries on her right foot as a result of the accident. On August 17, 2015, the plaintiff appeared for a second deposition with respect to the injuries related to her surgical procedure. The parties were unable to complete the deposition, and agreed to continue it on a later date.
On June 2, 2016, the Supreme Court directed the parties to complete the plaintiff's continued deposition before the next conference scheduled for August 25, 2016. The parties agreed to continue the plaintiff's deposition on August 19, 2016. On August 15, 2016, the continued deposition was adjourned at the plaintiff's counsel's request. The plaintiff's counsel did not appear at the August 25, 2016, conference, and the court scheduled another conference for September 22, 2016. The parties agreed to continue the plaintiff's deposition on September 19, 2016. The plaintiff [*2]and her counsel failed to appear at her continued deposition on September 19, 2016, and for the conference on September 22, 2016. By order dated September 22, 2016, the court rescheduled the conference for October 13, 2016, and directed the plaintiff's attorney or another attorney on his behalf to attend the next conference scheduled for October 13, 2016, and to complete the plaintiff's continued deposition before that date. The order further indicated that if the plaintiff did not comply with the court's directive, the court would "entertain a motion to dismiss the case."
After the plaintiff failed to schedule her continued deposition before the October 13, 2016, conference, the defendant moved, in effect, pursuant to CPLR 3126(3) to strike the complaint. In opposition, the plaintiff submitted the affirmation of her attorney and the affidavit of her attorney's paralegal in an effort to explain the defaults, and claimed that on November 16, 2016, her continued deposition had been rescheduled for January 12, 2017. In reply, the defendant's attorney claimed that he had not agreed to hold the plaintiff's continued deposition on January 12, 2017. The court granted the defendant's motion, and the plaintiff appeals.
"A court may, inter alia, issue an order prohibiting the disobedient party . . . from producing in evidence . . . items of testimony' or striking out pleadings' as a sanction against a party who refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Harris v City of New York, 117 AD3d 790, 790, quoting CPLR 3126[2], [3]). Although public policy strongly favors that actions be resolved on the merits when possible, a court may resort to the drastic remedy of striking a pleading upon a clear showing that a party's failure to comply with a disclosure order was the result of willful and contumacious conduct (see Honghui Kuang v MetLife, 159 AD3d 878, 881; Henry v Datson, 140 AD3d 1120, 1122; Harris v City of New York, 117 AD3d at 790; Almonte v Pichardo, 105 AD3d 687, 688). The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders, and the absence of a reasonable excuse for these failures (see Broccoli v Kohl's Dept. Stores, Inc., 171 AD3d 846, 847; Smookler v Dicerbo, 166 AD3d 838, 839). "While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court, the Appellate Division is vested with its own discretion . . . for that of the trial court, even in the absence of abuse" (Harris v City of New York, 117 AD3d at 790-791 [citations omitted]; see Honghui Kuang v MetLife, 159 AD3d at 881).
Here, the plaintiff's repeated failure to appear for her continued deposition, coupled with her failure to demonstrate a reasonable excuse for that failure, supports an inference that her conduct was willful (see Apladenaki v Greenpoint Mtge. Funding, Inc., 117 AD3d 976, 977; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 924; Bort v Perper, 82 AD3d 692, 695). The plaintiff proffered the health condition of her attorney as an excuse for failing to appear for the continued deposition. However, the plaintiff's attorney did not submit medical evidence or sufficient documentary facts to support the claim, or explain why his per diem attorney was unable to attend the deposition (see Cynan Sheetmetal Prods., Inc. v B.R. Fries & Assoc., Inc., 83 AD3d 645, 646; American Shoring, Inc. v D.C.A. Constr., Ltd., 15 AD3d 431; Price v Salvo, 203 AD2d 349; Advanced Ortho-Tech. v Orthospec, Inc., 203 AD2d 218, 219).
Even so, given that the plaintiff had complied with disclosure except for completing the continued deposition relating to newly alleged injuries, we find that the striking of the complaint was too drastic a remedy.
Accordingly, we modify the order appealed from by deleting the provision thereof granting the defendant's motion, in effect, pursuant to CPLR 3126(3) to strike the complaint, and substitute therefor a provision granting the defendant's motion only to the extent of precluding the plaintiff from offering evidence at trial with respect to any of the new injuries alleged in the plaintiff's supplemental verified bill of particulars dated March 16, 2015 (see CPLR 3126[2]).
The plaintiff's remaining contentions are improperly raised for the first time on appeal.
MASTRO, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court