U.S. Bank N.A. v Sirota (2020 NY Slip Op 07244)





U.S. Bank N.A. v Sirota


2020 NY Slip Op 07244


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-14358
 (Index No. 711687/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Howard Sirota, et al., appellants, et al., defendants.


Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, NY (Brian D. Graifman of counsel), for appellant Howard Sirota.
Law Offices of Cahn & Cahn, P.C., Melville, NY (Daniel K. Cahn of counsel), for appellant Rochelle Sirota.
Berkman Henoch Peterson Peddy & Fenchel, P.C., Garden City, NY (James Durso, Bruce Berkman, and Martin E. Valk of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant Rochelle Sirota appeals, and the defendant Howard Sirota separately appeals, from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), dated October 15, 2018. The order denied those defendants' separate motions, inter alia, pursuant to, among other things, CPLR 3126 for the imposition of sanctions against the plaintiff for discovery violations, and pursuant to 22 NYCRR 130-1.1 for an award of costs and reasonable attorney's fees.
ORDERED that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof denying those branches of the separate motions of the defendants Rochelle Sirota and Howard Sirota which were pursuant to CPLR 3126 for the imposition of sanctions against the plaintiff for discovery violations, and substituting therefor a provision granting those branches of the motions to the extent of directing the plaintiff to produce in the Supreme Court, within 45 days after service of a copy of this decision and order, all outstanding discovery, including a privilege log and the original note and allonges for inspection, and, if the plaintiff fails to comply, then a negative inference will be drawn against the plaintiff on the issue of standing at trial or upon a dispositive motion, and (2) by deleting the provision thereof denying those branches of the separate motions of the defendants Rochelle Sirota and Howard Sirota which were pursuant to 22 NYCRR 130-1.1 for an award of costs and reasonable attorney's fees, and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants Rochelle Sirota and Howard Sirota, and the matter is remitted to the Supreme Court, Queens County, for a determination of the amount of costs and reasonable attorney's fees to be awarded to each of those defendants pursuant to 22 NYCRR 130-1.1.
In November 2015, the plaintiff commenced this action against, among others, the defendants Rochelle Sirota and Howard Sirota (hereinafter together the defendants) to foreclose a [*2]mortgage on certain property owned by the defendants in Belle Harbor. In their respective answers, each of the defendants asserted affirmative defenses including, inter alia, the plaintiff's lack of standing and the existence of a fatal defect in the allonges to the note underlying the mortgage, and a counterclaim for a declaration that the defendants were entitled to the release of certain homeowners' insurance proceeds that were issued by the defendants' homeowners' insurance carrier in connection with damage to the defendants' house caused by Hurricane Sandy. The insurance company had issued checks for the insurance proceeds which were made payable to the defendants and the plaintiff. Counsel for Rochelle Sirota was holding those checks in escrow pending a determination of the counterclaims.
Thereafter, the defendants each served discovery demands upon the plaintiff, which included a demand for the production of the original note for inspection, as well as the production of other documents reflecting the chain of custody and current location of the note. After receiving the plaintiff's discovery responses, Rochelle Sirota served a letter identifying deficiencies in the plaintiff's production, and then moved to compel discovery. While that discovery motion was pending, the plaintiff moved for summary judgment on the complaint, attaching documents that were not previously produced in discovery. Rochelle Sirota cross-moved for summary judgment on her counterclaim, and for the immediate release of the insurance funds to the defendants.
In an order entered August 7, 2017 (hereinafter the August 2017 order), the Supreme Court (1) "granted in its entirety" the motion to compel responses to discovery, to be furnished on or before September 14, 2017; (2) denied the plaintiff's motion for summary judgment; and (3) "granted in its entirety" the cross motion "for the release of the escrowed funds," to be released within 14 days of service of a copy of the order with notice of entry. The court noted, inter alia, that the need for discovery in the action was "acute," in light of the issues raised in a prior action to foreclose the same mortgage, with respect to the plaintiff's standing and the validity of the note's allonges. The plaintiff produced additional documents in response to the August 2017 order, but the defendants contended that the plaintiff's discovery responses were still deficient.
Thereafter, the plaintiff, which had filed a notice of appeal from the August 2017 order, moved in this Court in October 2017 to stay enforcement of so much of the August 2017 order as directed release of the escrowed insurance funds. In its papers submitted to this Court in support of the motion, the plaintiff disclosed for the first time that the insurance company had released the insurance proceeds to the plaintiff's loan servicer and the funds had been deposited into the account of the plaintiff's loan servicer without the defendants' knowledge or consent. In November 2017, this Court denied the plaintiff's motion to stay enforcement of the relevant portion of the August 2017 order. Several weeks later, the plaintiff wired the insurance proceeds to the defendants' counsel.
The defendants thereafter separately moved in the Supreme Court pursuant to, inter alia, CPLR 3126, for the imposition of sanctions against the plaintiff for discovery violations, and pursuant to 22 NYCRR 130-1.1 for an award of costs and reasonable attorney's fees. Howard Sirota also sought to hold the plaintiff in civil contempt and Rochelle Sirota joined in that branch of his motion. In an order dated October 15, 2018 (hereinafter the October 2018 order), the court denied the defendants' separate motions. The defendants separately appeal.
Although we agree with so much of the Supreme Court's determination as denied the defendants' requests to strike the complaint, the court should have imposed a lesser sanction on the plaintiff to ensure that the plaintiff complies with its discovery obligations (see Turiano v Schwaber, 180 AD3d 950, 952; Gutman v Cabrera, 121 AD3d 1042, 1043-1044). CPLR 3126 gives a trial court broad discretion to fashion an appropriate discovery sanction, even when the particular sanction has not been expressly requested by the moving party (see Turiano v Schwaber, 180 AD3d at 952; see also Wolfson v Nassau County Med. Ctr., 141 AD2d 815, 816). This Court may substitute its own discretion for that of the trial court (see Turiano v Schwaber, 180 AD3d at 952; Lucas v Stam, 147 AD3d 921, 925).
Here, the plaintiff's repeated failures, without an adequate excuse, to comply with [*3]discovery demands and with the Supreme Court's discovery order, gives rise to an inference that its behavior was willful and contumacious (see Pastore v Utilimaster Corp., 165 AD3d 685, 687; Gutman v Cabrera, 121 AD3d at 1043-1044). The plaintiff has failed to rebut this inference and offered no explanation for its failure to produce a privilege log as previously directed by the August 2017 order, or to produce documents which identify the location of the note or its chain of custody, despite the plaintiff's sworn allegation that at the time of commencement it possessed the note "directly or through an agent." The plaintiff also does not dispute that it initially ignored the defendants' discovery demands for documents relating to its standing, yet attached documents responsive to those discovery demands to its motion for summary judgment which it had failed to provide to the defendants in discovery, nor does it dispute that it failed to provide relevant discovery about the insurance proceeds, including canceled checks, prior to seeking a stay on appeal.
Under these circumstances, the Supreme Court should have imposed a sanction for the plaintiff's repeated failures, without an adequate excuse, to comply with the discovery demands and with the court's discovery order (see Turiano v Schwaber, 180 AD3d at 952; Gutman v Cabrera, 121 AD3d at 1043-1044). Therefore, we modify the October 2018 order by deleting the provision thereof denying those branches of the defendants' separate motions which were pursuant to CPLR 3126 for the imposition of sanctions, and substituting therefor a provision granting those branches of the motions to the extent of directing the plaintiff to comply with all outstanding discovery requests within 45 days after service of a copy of this decision and order, including production of a privilege log and production of the original note and allonges for the defendants' inspection in court; upon any failure by the plaintiff failure to do so, the Supreme Court is directed to have a negative inference drawn against the plaintiff on the issue of standing at trial or upon a dispositive motion (see Pastore v Utilimaster Corp., 165 AD3d at 687; see also Chowdhury v Hudson Val. Limousine Serv., LLC, 162 AD3d 845, 846-847).
We agree with the Supreme Court's determination that an adjudication of civil contempt was not warranted with respect to the plaintiff's delay in releasing the insurance proceeds to the defendants. Civil contempt requires a finding that a "'right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced'" (El-Dehdan v El-Dehdan, 114 AD3d 4, 11, affd 26 NY3d 19, quoting Judiciary Law § 753[A]). "The element of prejudice to a party's rights is essential to civil contempt, which aims to vindicate the rights of a private party to litigation" (El-Dehdan v El-Dehdan, 114 AD3d at 11; see Matter of Yang v Luo, 103 AD3d 661, 661). Here, the plaintiff had already complied with the court's order to release the insurance proceeds months before the defendants sought to hold the plaintiff in contempt (see Matter of Yang v Luo, 103 AD3d at 661).
However, the Supreme Court should have awarded costs and reasonable attorney's fees to the defendants pursuant to 22 NYCRR 130-1.1. The record reveals that the plaintiff's failure to disclose that it was in possession of the insurance funds, and its lengthy delay in complying with the August 2017 order directing it to release the funds, resulted in the defendants incurring unnecessary costs and attorney's fees. The plaintiff's failure to disclose to the defendants the fact that it had received the insurance payments, and the plaintiff's other efforts to delay complying with the August 2017 order directing the release of the funds to the defendants, were "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1[c][2]). Accordingly, we remit the matter to the Supreme Court, Queens County, for a determination of costs and reasonable attorney's fees to be awarded to each defendant.
The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court