Castillo v Charles (2022 NY Slip Op 06103)

Castillo v Charles

2022 NY Slip Op 06103

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2019-11578 
2020-06665
 (Index No. 602841/17)

[*1]Jenny Y. Castillo, appellant,
v
Joseph Jean Charles, respondent.

William Pager, Brooklyn, NY, for appellant.
A. Smith Law Group, LLP, New York, NY (Andrea J. Smith of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered September 27, 2019, and (2) an order of the same court (Jack L. Libert, J.) entered March 11, 2020. The order entered September 27, 2019, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3126 to strike the complaint. The order entered March 11, 2020, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to reargue her opposition to that branch of the defendant's motion which was pursuant to CPLR 3126 to strike the complaint.
ORDERED that the appeal from the order entered March 11, 2020, is dismissed, without costs or disbursements; and it is further,
ORDERED that the order entered September 27, 2019, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3126 to strike the complaint, and substituting therefor a provision granting that branch of the motion only to the extent of (1) precluding the plaintiff from using at trial any photograph that was not produced in response to the defendant's discovery demands, (2) directing the plaintiff to provide the defendant with an authorization to obtain the plaintiff's medical records from Jamaica Hospital, within 30 days of service upon the plaintiff of a copy of this decision and order, (3) directing the plaintiff to appear for a supplemental deposition, within 30 days of service upon the plaintiff of a copy of this decision and order, and (4) directing the plaintiff's counsel to personally pay the sum of $3,000 as a sanction to the defendant, within 30 days of service upon the plaintiff's counsel of a copy of this decision and order, and otherwise denying that branch of the motion; as so modified, the order entered September 27, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved, inter alia, pursuant to CPLR 3126 to strike the complaint based on the plaintiff's failure to comply with various orders relating to discovery. In an order entered September 27, 2019, the Supreme Court, among other things, granted that branch of the [*2]defendant's motion. The plaintiff subsequently moved for leave to reargue, inter alia, her opposition to that branch of the defendant's motion which was pursuant to CPLR 3126 to strike the complaint. In an order entered March 11, 2019, the court denied the plaintiff's motion for leave to reargue. The plaintiff appeals from the orders.
The appeal from the order entered March 11, 2020, must be dismissed, as no appeal lies from an order denying reargument (see Doctors for Surgery, PLLC v Aristide, 192 AD3d 991, 992).
Pursuant to CPLR 3126, a court may issue an order "prohibiting [a] disobedient party . . . from producing in evidence . . . items of testimony" or "striking out pleadings" as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (id. § 3126[2], [3]; see Harris v City of New York, 117 AD3d 790, 790). "Before a court invokes the drastic remedy of striking a pleading or the alternative remedy of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Harris v City of New York, 117 AD3d at 790; see Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 210). The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders, and the absence of any reasonable excuse for these failures (see Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d 1021, 1022; Broccoli v Kohl's Dept. Stores, Inc., 171 AD3d 846, 847; Smookler v Dicerbo, 166 AD3d 838, 839). While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court (see Romeo v Barrella, 82 AD3d 1071, 1075; Friedman, Harfenist, Langer & Kraut v Rosenthal, 79 AD3d 798, 800; Isaacs v Isaacs, 71 AD3d 951, 952), the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the Supreme Court (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845; Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745; Lewis v John, 87 AD3d 564, 565; Byam v City of New York, 68 AD3d 798, 800).
Here, the record demonstrates that the plaintiff violated court orders directing her to appear for a continued deposition by a certain date, to provide a full set of copies of photographs that she referenced during her first deposition or provide an affidavit as to the nonexistence of those photographs, and to execute authorizations for certain medical providers, a pattern that supports an inference of willful and contumacious behavior (see Khan v 40 Wall Ltd. Partnership, 205 AD3d 789; Bellevue v Gustav, 186 AD3d 547, 548). Furthermore, the plaintiff's procedural objection to the defendant's motion was without merit. However, under the circumstances, we find that the striking of the complaint was too drastic a remedy (see Turiano v Schwaber, 180 AD3d 950, 952; see also Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d at 211). Accordingly, that branch of the defendant's motion which was pursuant to CPLR 3126 to strike the complaint should have been granted only to the extent of (1) precluding the plaintiff from using at trial any photograph that was not produced in response to the defendant's discovery demands, (2) directing the plaintiff to provide the defendant with medical authorizations for Jamaica Hospital, and (3) directing the plaintiff's counsel to personally pay the sum of $3,000 as a sanction to the defendant (see id. § 3126[2]).
DUFFY, J.P., BARROS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court