Jurlina v Town of Brookhaven (2023 NY Slip Op 02111)

Jurlina v Town of Brookhaven

2023 NY Slip Op 02111

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-04531
2020-07137
 (Index No. 611476/15)

[*1]Valter Jurlina, appellant, 
v
Town of Brookhaven, respondent.

Sacks and Sacks, LLP, New York, NY (Scott N. Singer of counsel), for appellant.
Annette Eaderesto, Town Attorney, Farmingville, NY (John W. Doyle of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated June 3, 2020, and (2) an order of the same court dated August 18, 2020. The order dated June 3, 2020, granted the defendant's motion pursuant to CPLR 3126 to dismiss the complaint. The order dated August 18, 2020, denied the plaintiff's motion for leave to reargue his opposition to the defendant's motion pursuant to CPLR 3126 to dismiss the complaint.
ORDERED that the appeal from the order dated August 18, 2020, is dismissed, without costs or disbursements; and it is further,
ORDERED that the order dated June 3, 2020, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the defendant's motion pursuant to CPLR 3126 to dismiss the complaint, and substituting therefor a provision granting the motion to the extent of (1) directing the plaintiff to appear for an independent medical examination within 30 days of service upon the plaintiff of a copy of this decision and order, and (2) directing the plaintiff's counsel to personally pay the sum of $2,500 as a sanction to the defendant within 30 days of service upon the plaintiff's counsel of a copy of this decision and order, and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendant to recover damages for personal injuries he allegedly sustained when he tripped and fell on an uneven sidewalk. The plaintiff's deposition was conducted in February 2018. The defendant produced three witnesses for deposition. On March 4, 2019, the plaintiff failed to appear for a scheduled independent medical examination (hereinafter IME). The IME was rescheduled for April 2, 2019. Although the plaintiff appeared on April 2, 2019, the examining physician did not conduct the IME because the plaintiff had received a back injection on that day from his physician. Thereafter, the IME was rescheduled for April 30, 2019, for which the plaintiff did not appear. On May 2, 2019, the parties entered into a so-ordered stipulation pursuant to which the plaintiff was to appear for the IME on May 29, 2019. The stipulation further provided that "[i]f [plaintiff] fails to appear, [defendant] to make motion to dismiss."
After the plaintiff failed to appear for the IME on May 29, 2019, the defendant moved pursuant to CPLR 3126 to dismiss the complaint, contending that the plaintiff's failure to appear for the scheduled IMEs, including one that was scheduled pursuant to a so-ordered stipulation, was unreasonable and constituted willful and contumacious conduct. In opposition, the plaintiff, relying on an affirmation of counsel and an affidavit from a paralegal employed by the plaintiff's counsel, asserted that his failure to appear was due to law office failure, as he had not been notified of the scheduled dates for the IMEs. In an order dated June 3, 2020, the Supreme Court granted the defendant's motion. Subsequently, the plaintiff moved for leave to reargue his opposition to the defendant's motion. In an order dated August 18, 2020, the court denied the plaintiff's motion for leave to reargue. The plaintiff appeals from both orders.
The appeal from the order dated August 18, 2020, must be dismissed, as no appeal lies from an order denying reargument (see Doctors for Surgery, PLLC v Aristide, 192 AD3d 991, 992).
A court may issue an order "prohibiting the disobedient party . . . from producing in evidence . . . items of testimony" or "striking out pleadings" as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126[2], [3]; see Turiano v Schwaber, 180 AD3d 950, 951). "Since public policy strongly favors the resolution of actions on the merits, the drastic remedy of dismissal of a complaint is not warranted unless there is a clear showing that the plaintiff's failure to comply with discovery demands or orders was willful and contumacious" (Lopez v Maggies Paratransit Corp., 210 AD3d 1066, 1067; see CPLR 3126; Rezk v New York Presbyt. Hosp./N.Y. Weill Cornell Ctr., 175 AD3d 738, 739; Honghui Kuang v MetLife, 159 AD3d 878, 881). Willful or contumacious conduct can be inferred from a party's repeated failure to respond to demands or to comply with discovery orders, and the lack of a reasonable excuse for these failures (see Allstar Elecs., Inc. v DeLuca, 188 AD3d 1121, 1122; Bouri v Jackson, 177 AD3d 947, 949; Broccoli v Kohl's Dept. Stores, Inc., 171 AD3d 846, 847). While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court, the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the Supreme Court (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845; Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745; Castillo v Charles, 210 AD3d 625, 627; Turiano v Schwaber, 180 AD3d at 952).
Here, the record demonstrates that the plaintiff violated the so-ordered stipulation directing him to appear for the IME on May 29, 2019, and that he failed to appear for two prior scheduled IMEs. However, under the circumstances, we find that the dismissal of the complaint was too drastic a remedy. Accordingly, the defendant's motion pursuant to CPLR 3126 should have been granted only to the extent of directing the plaintiff to appear for the IME and directing the plaintiff's counsel to personally pay the sum of $2,500 as a sanction to the defendant (see id.; Bermudez v Laminates Unlimited, 134 AD2d 314).
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court