C. K. v City of New York (2023 NY Slip Op 02502)

C. K. v City of New York

2023 NY Slip Op 02502

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-06599
 (Index No. 505925/16)

[*1]C. K., etc., appellant,
v
City of New York, et al., respondents.

Law Office of Yuriy Prakhin P.C., Brooklyn, NY (Simon Ramone of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Susan Paulson of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated July 21, 2020. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Department of Education and denied that branch of the plaintiff's cross-motion which was pursuant to CPLR 3126 to strike so much of the defendants' answer as was asserted on behalf of the defendant New York City Department of Education or, in the alternative, to preclude that defendant from offering certain evidence or making certain arguments, to deem certain issues to be resolved in the plaintiff's favor, or for an adverse inference instruction at trial.
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the plaintiff's cross-motion which was pursuant to CPLR 3126 to strike so much of the defendants' answer as was asserted on behalf of the defendant New York City Department of Education or, in the alternative, to preclude that defendant from offering certain evidence or making certain arguments, to deem certain issues to be resolved in the plaintiff's favor, or for an adverse inference instruction at trial, and substituting therefor a provision granting that branch of the cross-motion to the extent of precluding the defendant New York City Department of Education from arguing or offering evidence demonstrating, in support of the defendants' motion for summary judgment dismissing the complaint, that the plaintiff's injuries resulted from an unforeseeable, spontaneous act, and otherwise denying that branch of the cross-motion, and (2) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Department of Education, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant New York City Department of Education.
On May 3, 2012, the plaintiff, who was a kindergarten student at a school operated by the defendant New York City Department of Education (hereinafter DOE), allegedly was injured while exiting the school building when a middle school student let go of a heavy swinging door as the plaintiff was about to pass through the doorway. The plaintiff held up her hand to stop the door, [*2]but two fingers on her right hand were caught, and the top portion of one of those fingers was severed. After serving a notice of claim in September 2013, the plaintiff, by her mother and natural guardian, commenced this action against the City of New York and the DOE, alleging negligent supervision.
An entry made on the day after the accident in a DOE "Occurrence Report" indicated that there was "[v]ideo evidence" depicting the accident, which had been reviewed. In a letter to the school dated May 15, 2012, the plaintiff's attorney noted that he had been advised that the surveillance video had been viewed by the school's principal, and demanded that "the video tape(s) on which [the] accident is recorded is to be preserved and not disturbed." This letter, and its demand that the video recording be preserved, was referenced in the notice of claim.
In a preliminary conference order dated August 14, 2017, the Supreme Court directed the defendants to produce the surveillance video. On January 11, 2018, during the deposition of the plaintiff's kindergarten teacher, the plaintiff's attorney again requested production of the video recording. The plaintiff's request for the video recording was repeated in a written discovery demand dated December 5, 2018 (hereinafter the December 2018 discovery demand). In an order dated January 23, 2019, the court directed the defendants to respond within 45 days to the December 2018 discovery demand. The defendants never responded to the December 2018 discovery demand. On May 15, 2019, the plaintiff filed a note of issue.
In August 2019, the defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that any negligence on the DOE's part was not a proximate cause of the plaintiff's injuries, since the accident resulted from a sudden, spontaneous act that occurred so quickly that no degree of supervision could have prevented it.
In October 2019, the plaintiff opposed that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE, and cross-moved pursuant to CPLR 3126 to strike the defendants' answer based on the alleged spoliation of the surveillance video. In a supporting affirmation, the plaintiff's attorney asserted that, "[u]pon information and belief, any video of the incident was not preserved by Defendants and further directives to respond to Plaintiff's demand would be fruitless." The plaintiff's cross-motion also sought, in the alternative, to deem certain facts to be resolved in the plaintiff's favor, to grant the plaintiff an adverse inference charge at the time of trial, or to "[p]reclud[e] the Defendants from introducing evidence and arguing, either on the instant motion or at trial, that the interaction between the infant-plaintiff and the middle school student was an 'unforeseeable, spontaneous act.'"
On December 20, 2019, the defendants served a "Partial Response to Court Order Dated January 23, 2019." The only response set forth in this document was "[p]roduction of video footage of the dismissal," and the surveillance video recording was annexed to the document. In February 2020, the defendants opposed the plaintiff's cross-motion, arguing that, having turned over the surveillance video in December 2019, they had now substantially complied with their discovery obligations. The defendants' opposition papers did not offer any reason or explanation for their delay in producing the video recording.
In an order dated July 21, 2020, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE and denied the plaintiff's cross-motion for discovery sanctions. The plaintiff appeals.
A court may impose sanctions where a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). "While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court, the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court" (Harris v City of New York, 117 AD3d 790, 790-791 [citations omitted]). "Although public policy strongly favors that actions be resolved on the merits when possible, a court may resort [*3]to the drastic remedies of striking a pleading or precluding evidence upon a clear showing that a party's failure to comply with a disclosure order was the result of willful and contumacious conduct" (L. K. v City of New York, 210 AD3d 753, 753 [internal quotation marks omitted]; see Carmona v HUB Props. Trust, 186 AD3d 1485, 1487). "The willful and contumacious character of a party's conduct can be inferred from either the repeated failure to respond to demands or comply with discovery orders, without demonstrating a reasonable excuse for these failures, or the failure to comply with court-ordered discovery over an extended period of time" (L. K. v City of New York, 210 AD3d at 754 [internal quotation marks omitted]; see Williams v Suttle, 168 AD3d 792, 793; Wolf v Flowers, 122 AD3d 728, 729).
Here, the DOE's willful and contumacious conduct can be inferred from the fact that it ignored repeated requests by the plaintiff's attorney to turn over the surveillance video, as well as two court orders directing it to do so, over the course of more than two years, without any reasonable excuse (see L. K. v City of New York, 210 AD3d at 754; Nationstar Mtge., LLC v Jackson, 192 AD3d 813, 816; Ewa v City of New York, 186 AD3d 1195, 1196; Harris v City of New York, 117 AD3d at 791). The DOE has never even attempted to offer any reason or explanation for its noncompliance, much less a reasonable excuse (see Williams v Suttle, 168 AD3d at 794; Espinal v City of New York, 264 AD2d 806). Moreover, contrary to the defendants' contention, the plaintiff did not forfeit her right to discovery sanctions by filing a note of issue, since her attorney reasonably believed, based on the DOE's failure to produce the video recording, that the recording no longer existed.
Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's cross-motion which was to impose a sanction against the DOE for the DOE's manifest violation of its discovery obligations. Under the circumstances of this case, we do not deem it appropriate to strike so much of the defendants' answer as was asserted on behalf of the DOE. However, by withholding the surveillance video until the plaintiff cross-moved for discovery sanctions, after the papers supporting and opposing the defendants' summary judgment motion had already been served and filed, the DOE deprived the plaintiff of the opportunity to attempt to use the surveillance video to raise a triable issue of fact. Since, as a result of the DOE's discovery violation, the surveillance video was not before the court and is not part of the record before us on this appeal, it cannot be ascertained whether the video would affect the determination as to whether the events that resulted in the plaintiff's injuries occurred so suddenly that no degree of supervision could have prevented the accident.
Thus, the Supreme Court should have granted the plaintiff's alternative request to preclude the DOE from arguing or offering evidence demonstrating, in support of the defendants' motion for summary judgment, that the plaintiff's injuries resulted from an unforeseeable, spontaneous act. We note that granting this relief will not preclude the DOE from arguing or offering evidence demonstrating, at trial, that the plaintiff's injuries resulted from an unforeseeable, spontaneous act.
Since the defendants' motion for summary judgment was dependent on the theory that the plaintiff's injuries resulted from an unforeseeable, spontaneous act, and since, as a result of our determination, the defendants may not argue that theory or offer evidence supporting it in connection with the summary judgment motion, it is not possible for the defendants to establish, prima facie, that the DOE was entitled to judgment as a matter of law. Thus, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE must be denied.
In light of our determination, we do not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court