Decius v 1362 Ocean, LLC (2023 NY Slip Op 06236)

Decius v 1362 Ocean, LLC

2023 NY Slip Op 06236

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-06265
 (Index No. 502578/19)

[*1]Ivette Decius, respondent,
v
1362 Ocean, LLC, et al., appellants, et al., defendant.

Rosenbaum & Taylor, P.C., White Plains, NY (Leslie Luke of counsel), for appellants.
Nicholas E. Tzaneteas, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants 1362 Ocean, LLC, Pinnacle Group NY, LLC, Pinnacle Managing Co., LLC, and Eddie Ljesnjanin appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 19, 2021. The order, insofar as appealed from, granted the plaintiff's motion pursuant to CPLR 3126 to impose sanctions against those defendants to the extent of precluding those defendants from contesting notice of the condition that caused the accident, and from testifying as to a lack of actual or constructive notice of the condition that caused the accident or submitting any affidavit to that effect in any dispositive motion.
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 3126 to impose sanctions against the defendants 1362 Ocean, LLC, Pinnacle Group NY, LLC, Pinnacle Managing Co., LLC, and Eddie Ljesnjanin is denied.
The plaintiff commenced this action against, among others, 1362 Ocean, LLC, Pinnacle Group NY, LLC, Pinnacle Managing Co., LLC, and Eddie Ljesnjanin (hereinafter collectively the defendants) to recover damages for personal injuries she allegedly sustained when a marble step broke under her as she stepped down, causing her to fall on the stairs in a premises located in Brooklyn. The plaintiff moved pursuant to CPLR 3126 to impose sanctions against the defendants, contending that the defendants failed to provide timely witness disclosure. In an order dated August 19, 2021 (hereinafter the preclusion order), the Supreme Court granted the motion to the extent of precluding the defendants from contesting notice of the condition that caused the accident, and from testifying as to a lack of actual or constructive notice of the condition that caused the accident or submitting any affidavit to that effect in any dispositive motion. The defendants appeal.
"As a general matter, parties are required to disclose the names of witnesses who are material and necessary to the prosecution or defense of an action" (Awai v Benchmark Constr. Serv., Inc., 172 AD3d 978, 979; see Rivera v Glen Oaks Vil. Owners, Inc., 41 AD3d 817, 819). "Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or [*2]preclusion of evidence, where a party 'refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed'" (Aha Sales, Inc. v Creative Bath Prods. Inc., 110 AD3d 1019, 1019, quoting CPLR 3126; see Gorbatov v Tsirelman, 206 AD3d 887, 889). "The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the court" (Gorbatov v Tsirelman, 206 AD3d at 889; see Smookler v Dicerbo, 166 AD3d 838, 839). "To invoke the drastic remedy of preclusion, the court must determine that the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (Aha Sales, Inc. v Creative Bath Products, Inc., 110 AD3d at 1019; see Pizzo v Lustig, 216 AD3d 38, 44-45). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse" (Aha Sales, Inc. v Creative Bath Products, Inc., 110 AD3d at 1019; see Guardado v K.B.G. Commercial, Inc., 209 AD3d 721, 722).
Here, in response to the plaintiff's specific discovery demands and court orders, the defendants failed to disclose the name of nonparty Denis Lukovic. Thereafter, Ljesnjanin testified during his deposition that Lukovic was present at the premises on the date of the plaintiff's accident because he was filling in for Ljesnjanin's uncle, who was employed as the premises' superintendent. Ljesnjanin further testified that Lukovic called him to report a broken step and that Lukovic indicated that he did not know how the step broke. Ljesnjanin testified that he did not have Lukovic's phone number, but that he would try to obtain Lukovic's number from his uncle. At the time of the plaintiff's motion, the plaintiff had not been provided with Lukovic's contact information and Ljesnjanin's uncle was no longer employed as the premises' superintendent and refused to comply with the plaintiff's subpoena.
The Supreme Court concluded that it was not clear that the defendants' failure to disclose Lukovic as a witness was intentional. Nevertheless, the court issued the preclusion order based upon its determination that Lukovic is an essential witness who should have been disclosed to the plaintiff by the defendants.
The Supreme Court, in effect, correctly determined that the plaintiff failed to make a clear showing that the defendants' conduct was willful or contumacious (see Perez v Tedesco, 214 AD3d 1010, 1012; Prappas v Papadatos, 38 AD3d 871, 873). Moreover, the court erred in determining that Lukovic is an essential witness since the record fails to demonstrate that he witnessed the accident itself or the alleged dangerous condition that caused or contributed to the plaintiff's fall (see Awai v Benchmark Constr. Serv., Inc., 172 AD3d at 979). Under the circumstances, the court should have denied the plaintiff's motion pursuant to CPLR 3126 to impose sanctions against the defendants.
LASALLE, P.J., BARROS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court