Gibson v Delemos (2024 NY Slip Op 04761)

Gibson v Delemos

2024 NY Slip Op 04761

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2021-01129
 (Index No. 29926/10)

[*1]Pamela Gibson, etc., appellant,
v
Michelle Delemos, etc., et al., respondents.

Krentsel Guzman Herbert, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Barbiero, Bisch & O'Connor, LLP, Melville, NY (Joseph M. O'Connor of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated October 29, 2020. The order granted that branch of the defendants' motion which was pursuant to CPLR 3126 to strike the complaint.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3126 to strike the complaint is denied.
In August 2010, Damon Strong, as the administrator of the estate of Latoya Williams (hereinafter the decedent), commenced this action to recover damages for medical malpractice and wrongful death, alleging that the defendants' negligence resulted in the decedent's death from an undiagnosed cardiac condition. Thereafter, the defendants moved, inter alia, pursuant to CPLR 3126 to strike the complaint for failure to comply with discovery demands. In an order dated August 31, 2016, the Supreme Court, among other things, granted that branch of the defendants' motion which was pursuant to CPLR 3126 to strike the complaint. On a prior appeal, this Court reversed that order insofar as appealed from and remitted the matter to the Supreme Court for a new determination on that branch of the defendants' motion (see Strong v Delemos, 172 AD3d 940). Specifically, this Court determined that the record was inadequate to determine "the circumstances under which [Strong] provided his responses [to the defendants' discovery demands] to the defendants' previous attorneys of record, whether those responses were complete, and whether this information was before the Supreme Court when the court made its determination" (id. at 942).
In an order dated June 3, 2019, the Supreme Court, upon remittal, appointed a court attorney referee to report on the issues articulated in this Court's decision and order on the prior appeal. In a report dated September 22, 2020, the referee found, inter alia, that Strong's discovery responses were not complete as of August 18, 2016. In an order dated October 29, 2020, the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3126 to strike the complaint. This appeal ensued. During the pendency of the appeal, Strong died, and the plaintiff, as administrator of the decedent's estate, was substituted for Strong.
"'Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Decius v 1362 Ocean, LLC, 222 AD3d 617, 618, quoting Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019 [internal quotation marks omitted]; see Gorbatov v Tsirelman, 206 AD3d 887, 889). The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the court (see Smookler v Dicerbo, 166 AD3d 838, 839; Quinones v Long Is. Jewish Med. Ctr., 90 AD3d 632, 633). "However, the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845; see Castillo v Charles, 210 AD3d 625, 627).
"[P]ublic policy strongly favors the resolution of actions on the merits" whenever possible (Lopez v Maggies Paratransit Corp., 210 AD3d 1066, 1067; see Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 210). Thus, "before a court invokes the remedy of precluding evidence, there must be a clear showing that the failure to comply with discovery was willful and contumacious" (Zavala v Rennew Holding Corp., 219 AD3d 787, 789; see Pizzo v Lustig, 216 AD3d 38, 44-45). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders, and the absence of any reasonable excuse for these failures" (Castillo v Charles, 210 AD3d at 627; see Decius v 1362 Ocean, LLC, 222 AD3d at 618).
Here, the record reflects that the plaintiff substantially complied with the defendants' discovery demands and that the plaintiff's conduct was not willful and contumacious (see Tanriverdi v United Skates of Am., Inc., 164 AD3d 858, 860; Palmieri v Piano Exch., Inc., 124 AD3d 611, 612; Mawson v Historic Props., LLC, 30 AD3d 480, 481). The plaintiff submitted evidence demonstrating that most of the requested records in the plaintiff's possession had already been disclosed to the defendants' prior counsel in 2013 (see Robert v Azoulay Realty Corp., 209 AD3d 781, 786). Accordingly, in view of the public policy favoring resolution of actions on the merits (see Malek v Malek, 208 AD3d 773, 775), the Supreme Court improvidently exercised its discretion in granting that branch of the defendants' motion which was pursuant to CPLR 3126 to strike the complaint.
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court