Mirabile v Kuwayama (2024 NY Slip Op 04958)

Mirabile v Kuwayama

2024 NY Slip Op 04958

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-07111
2022-10218
 (Index No. 714553/21)

[*1]Angela Mirabile, appellant, 
v
Tadasuke Kuwayama, et al., respondents.

Frekhtman & Associates (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.
Goldberg Segalla LLP, White Plains, NY (William T. O'Connell of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered August 3, 2022, and (2) an order of the same court entered October 28, 2022. The order entered August 3, 2022, granted the defendants' motion pursuant to CPLR 3126 to strike the complaint. The order entered October 28, 2022, insofar as appealed from, upon reargument, adhered to the determination in the order entered August 3, 2022.
ORDERED that the appeal from the order entered August 3, 2022, is dismissed, without costs or disbursements, as that order was superseded by the order entered October 28, 2022, made upon reargument; and it is further,
ORDERED that the order entered October 28, 2022, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof, upon reargument, adhering to the determination in the order entered August 3, 2022, granting the defendants' motion pursuant to CPLR 3126 to strike the complaint, and substituting therefor a provision, upon reargument, vacating that determination in the order entered August 3, 2022, and, thereupon, granting the defendants' motion pursuant to CPLR 3126 to the extent of directing the plaintiff's counsel to personally pay the sum of $2,500 as a sanction to the defendants within 30 days of service upon the plaintiff's counsel of a copy of this decision and order, and otherwise denying the motion; as so modified, the order
entered October 28, 2022, is affirmed insofar as appealed from, without costs or disbursements.
In June 2021, the plaintiff commenced this action against the defendants to recover damages for personal injuries. In October 2021, the defendants served various discovery demands on the plaintiff. In an order dated November 9, 2021, the Supreme Court, inter alia, directed the plaintiff to provide a bill of particulars by December 21, 2021, and to provide certain discovery within 60 days of the date of the order. In an order dated February 8, 2022, the court, among other things, directed the plaintiff to comply with outstanding discovery demands within 20 days of the date of the order. By letters to the plaintiff's counsel dated February 23, 2022, and March 30, 2022, the defendants' counsel inquired about the outstanding discovery demands.
In April 2022, after receiving no response from the plaintiff's counsel, the defendants moved pursuant to CPLR 3126 to strike the complaint. In an order entered August 3, 2022, the Supreme Court granted the motion. The plaintiff subsequently moved for leave to reargue her [*2]opposition to the defendants' motion. In an order entered October 28, 2022, the court granted leave to reargue and, upon reargument, adhered to the determination in the order entered August 3, 2022. The plaintiff appeals.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading, where a party refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (255 Butler Assoc., LLC v 255 Butler, LLC, 208 AD3d 838, 839 [internal quotation marks omitted]; see Amos v Southampton Hosp., 198 AD3d 947, 948). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse" (Lurie v Lurie, 226 AD3d 992, 997; Decius v 1362 Ocean, LLC, 222 AD3d 617, 618). "The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court" (Matter of Apostolidis, 193 AD3d 1039, 1040 [internal quotation marks omitted]), but "the Appellate Division may substitute its own discretion for that of the trial court in such matters, even in the absence of an abuse of that discretion" (Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d 908, 910; see Castillo v Charles, 210 AD3d 625, 627).
Here, the plaintiff's failure to comply with discovery demands and orders directing discovery or respond to the letters from the defendants' counsel concerning discovery, without providing a reasonable excuse, supports an inference of willful or contumacious conduct (see Hongyan Sun v Lee, 212 AD3d 717, 719). However, under the circumstances, the sanction imposed was too drastic a remedy and the defendants' motion pursuant to CPLR 3126 to strike the complaint should have been granted only to the extent of directing the plaintiff's counsel to personally pay the sum of $2,500 as a sanction to the defendants (see Jurlina v Town of Brookhaven, 215 AD3d 936, 938; Bermudez v Laminates Unlimited, 134 AD2d 314).
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court